J-S68039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                      :                   PENNSYLVANIA
         Appellee               :
                                        :
           v.                         :
                                        :
TYREEK B. WOOD,                   :
                                        :
         Appellant            :         No. 875 EDA 2014

Appeal from the Judgment of Sentence entered on January 17, 2104
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0012409-2012

BEFORE: ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 09, 2014**

Tyreek B. Wood ("Wood") appeals from the judgment of sentence imposed following his convictions of carrying a firearm without a license, carrying a firearm on the public streets of Philadelphia, and possessing an instrument of crime.[1] We dismiss the appeal.

The trial court set forth the relevant procedural and factual history, which we adopt for the purpose of this appeal. **See** Trial Court Opinion, 4/29/14, at 1-4.

On appeal, Wood raises the question for our review: "Did the [trial] court err in failing to sentence [Wood] to a mitigated sentence and [failing] to consider the rehabilitative needs of [Wood] where [Wood] took

---

[1] 18 Pa.C.S.A. §§ 6106, 6108, 907.

responsibility for the crimes he was convicted of?" Brief for Appellant at 3 (capitalization omitted).

Wood argues that even though he was sentenced in the low end of the standard guidelines range, the trial court refused to consider that he accepted responsibility for his actions because Wood exercised his right to a trial by jury. *Id.* at 11-12. Wood also claims that because he is a first time offender, he should have been eligible for probation. *Id.* at 15. Wood challenges the discretionary aspects of his sentence.

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> * * *

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

- 2 -

Here, Wood filed a timely Notice of Appeal, presented his claim in a Motion to Reconsider Sentence, and included a Rule 2119(f) Statement in his brief. Wood argues that he has presented a substantial question because the trial court failed to consider certain mitigating factors in imposing sentence. Brief for Appellant at 8. Wood also claims that the trial court failed to consider his rehabilitative needs in violation of 42 Pa.C.S.A. § 9721(b). Brief for Appellant at 8.

Wood's contentions do not raise a substantial question. **See Commonwealth v. Rhoades**, 8 A.3d 912, 918-19 (Pa. Super. 2010) (stating that consideration of mitigating factors does not raise a substantial question); **see also Commonwealth v. Griffin**, 65 A.3d 932, 936-37 (Pa. Super. 2013) (stating that claims regarding the trial court's failure to consider a defendant's rehabilitation needs or imposition of a standard range sentence do not raise a substantial question). Moreover, where, as here, the trial court had the benefit of a pre-sentence investigation report, "we can assume that the [] court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Rhoades**, 8 A.3d at 919; **see also Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that where the trial court had the benefit of a pre-sentence investigative report, it was aware of all appropriate sentencing factors and considerations). Accordingly, we are precluded from addressing Wood's

- 3 -

challenge to the discretionary aspects of his sentence of this basis. **See**

**Rhoades**, 8 A.3d at 919 (wherein this Court concluded that it could not

address appellant's discretionary aspects of sentencing claim because a

substantial question was not raised and the trial court had the benefit of a

pre-sentence investigation report).[2]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014

---

[2] The trial court specifically stated during sentencing that nothing in Wood's record indicated that he should receive a mitigated sentence. **See** N.T., 1/17/14, at 27. The trial court also rejected Wood's characterization that he pled guilty to the crimes, as he did not fulfill the requirements of Pennsylvania Rule of Criminal Procedure 590. **See** Trial Court Opinion, 4/29/14, at 8-9. Indeed, the jury specifically found Wood guilty of the above-mentioned crimes. **See** N.T., 11/22/13, at 18-19. Moreover, our review of the record indicates that the trial court considered Wood's rehabilitation needs and had the benefit of a pre-sentence investigation report before imposing the sentence. **See** N.T.. 1/17/14, at 31-32 (wherein the trial court stated that Wood is not eligible for rehabilitation programs); **see also** Trial Court Opinion, 4/29/14, at 9.

FILED

APR 2 9 2014

Criminal Appeals Unit
First Judicial District of PA

J-S68039-14

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :      CP-51-CR-0012409-2012

         : 

v.          :

         :      875 EDA 2014

TYREEK WOOD          :

         :

## OPINION

**McDermott, J.**          **April 29, 2014**

## Procedural History

On June 27, 2012, the defendant, Tyreek Wood, was arrested and charged with Aggravated Assault (four counts), Conspiracy (four counts), Attempted Murder, Carrying a Firearm without a License, Carrying a Firearm in Public in Philadelphia, Possession of an Instrument of Crime (PIC), Terroristic Threats (four counts), Simple Assault (four counts), and Recklessly Endangering Another Person (REAP) (four counts).

On November 19, 2013, the defendant appeared before this Court and elected to be tried by jury. When the defendant was arraigned in front of the jury, without notice to the Court, he pled not guilty to the four counts of Aggravated Assault and indicated he was guilty of the charges of Carrying a Firearm without a License, Carrying a Firearm in Public in Philadelphia, and PIC.[1]

On November 20, 2013, the defendant made a Motion for Judgment of Acquittal on all counts of Aggravated Assault. This Court granted the motion as to one count and denied the rest.

---

[1] The defendant did not enter into a non trial disposition on these charges, but elected to continue with the jury trial.

On November 22, 2013, the jury found the defendant guilty of Carrying a Firearm without a License, Carrying a Firearm in Public in Philadelphia, and PIC. The jury acquitted the defendant of one count of Aggravated Assault. The jury was unable to return a verdict on the remaining Aggravated Assault charges, which were later *nolle-prossed.*

On January 17, 2014, this Court sentenced the defendant to a term of imprisonment of two to six years on the Carrying a Firearm without a License charge and a consecutive term of six to twelve months on the Carrying a Firearm in Public in Philadelphia charge. This Court imposed no further penalty on the PIC charge.

On January 27, 2014, the defendant filed a Motion for Reconsideration of Sentence. On February 3, 2014, this Court denied the motion. On February 28, 2014, the defendant filed a Notice of Appeal. On March 6, 2014, after trial counsel was permitted to withdraw, this Court appointed new counsel for purposes of appeal. On March 7, 2014, this Court ordered the defendant to submit a Statement of Matters Complained on Appeal pursuant to Pa.R.A.P. 1925(b). On March 28, 2014, the defendant filed a timely Statement.

## Facts

On March 15, 2012, at approximately 4:30 p.m., the defendant, Jontel Pack, and the defendant's brother, Jerome Williams, were confronted by three unknown individuals at 16th and Courtland Streets in Philadelphia. The three unknown individuals began to argue with the defendant. At this time, after picking his granddaughter up from school, Gary Hall was returning to his home located at 15th and Courtland Streets. Hall approached the defendant and the three unknown individuals in an attempt to defuse the argument. Hall left the group and as he was walking he heard gunshots and was shot twice in the back. N.T. 11.19.2013 at 129, 132-33, 162, 164.

2

According to the defendant's brother, Jerome Williams, after Hall told the group to end the argument, two of the three unknown men pulled out guns and fired shots in the direction of the defendant, Pack, and Williams, hitting Hall and grazing Pack's hand. The defendant then pulled out a Tec-9 firearm and returned fire. The three unknown men ran away while continuing to shoot, one heading towards Mole Street and the others towards 16th Street. The defendant, Pack, and Williams followed the men to 16th Street, continuing to engage in the gun fight. N.T. 11.19.2013 at 136; N.T. 11.20.2013 at 146, 148, 159-160, 164, 174, 176.

At approximately 4:30 p.m., Alan Dudley, who lived on 16th Street, heard gunshots. After approximately six shots, Dudley looked out his door and saw the defendant shooting the Tec-9 firearm. The defendant shot down 16th Street. Dudley saw the defendant return shortly after the incident and put the Tec-9 firearm in a parked Chevrolet Monte Carlo. N.T. 11.20.2013 at 70-79.

Meanwhile, Hall was transported by ambulance to Einstein Hospital where he was treated for two gunshot wounds to his left buttocks. Hall was unable to identify anyone involved in the incident. N.T. 11.19.2013 at 166.

At approximately 4:30 p.m., Detective Patrick Murray of the Northwest Detective Special Investigations Unit arrived in the area of 16th and Courtland Streets. Detective Murray recovered thirteen nine millimeter fired cartridge casings, three live nine millimeter rounds, and a projectile. He also recovered a surveillance video from the Word in Action Ministries located on the northwest corner of 16th and Courtland Streets. The surveillance video showed six individuals on the street during the shooting; however, it did not allow for any identifications to be made. N.T. 11.19.2013 at 69-71, 78-80, 91-92; N.T. 11.20.2013 at 103, 134-35.

3

At approximately 4:30 p.m., Detective William Knecht of the North Detectives Special Investigation Unit and his partner Detective Knoll arrived at the scene. Dudley directed Detective Knecht to the Chevrolet Monte Carlo, later identified as Pack's vehicle. Detective Knecht had the Monte Carlo secured. The next day, pursuant to a search warrant, Detective Knecht recovered from the vehicle marijuana, a Tec-9 firearm, and a nine millimeter handgun with an extended clip. N.T. 11.20.2013 at 91-92, 95-96, 98.

Police Officer Ronald Newman of the Firearms Identification Unit tested the Tec-9 firearm and found it was operable and had a capacity of fifty rounds. Officer Newman determined all thirteen fired cartridge casings recovered from the scene were fired from the Tec-9 firearm. There were insufficient markings for Officer Newman to determine whether the live nine millimeter rounds were fired from the Tech-9 firearm. Officer Newman found that the bullet fragment and the bullet jacket were not fired from the Tec-9 firearm. N.T. 11.20.2013 at 5, 26-27, 30-31, 43.

## Legal Issues

The defendant argues that the evidence was insufficient to sustain a conviction for PIC where the jury did not find the defendant guilty of committing a crime with the instrument, in this case a gun. Evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as verdict winner, the evidence and all reasonable inferences derived therefrom are sufficient to establish all elements of the offense beyond a reasonable doubt. *Commonwealth v. Baumhammers*, 960 A.2d 59, 68 (Pa. 2008). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Estepp*, 17 A.3d 939, 943 (Pa. Super. 2011) (*citing Commonwealth v. Brooks*, 7 A.3d 852, 856-57 (Pa. Super. 2010). The fact-finder is free to

4

believe all, part, or none of the evidence, and credibility determinations rest solely within the purview of the fact-finder. *Commonwealth v. Treiber*, 874 A.2d 26, 30 (Pa. 2005).

In order to secure a conviction for PIC, the Commonwealth must show that the defendant possessed an instrument of crime with the intent to employ it criminally. 18 Pa.C.S. § 907(a). An instrument of crime is "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d)(2); *see also Commonwealth v. Robertson*, 874 A.2d 1200, 1208-09 (Pa. Super. 2005). The intent required under § 907(b) to prove that defendant employed a weapon criminally cannot be inferred from mere possession of the weapon. *Commonwealth v. Gonzalez*, 627 A.2d 106, 108 (Pa. 1987). Further, when a defendant is acquitted, based on self-defense, of the crimes with which he is charged and there is no other evidence of criminal intent to employ the weapon, he cannot be convicted of PIC. *Commonwealth v. Naranjo*, 53 A.3d 66, 71 (Pa. Super. 2012)(*citing Gonzalez*, 627 A.2d at 108)).

In *Commonwealth v. Naranjo*, 53 A.3d 66, 68 (Pa. Super. 2012), the Superior Court upheld appellant's PIC conviction where appellant was acquitted of the underlying homicide charges. The court explained that since PIC is an inchoate crime it does not require that a crime be completed. *Id.* at 71 (citation omitted). Rather, the focus is on whether the defendant possesses the instrument for *any* criminal purpose. *Id.* (emphasis in original). The court found that although the jury determined appellant did not have the criminal intent to commit homicide based on self-defense, the Commonwealth had presented evidence that appellant intended to employ the weapons criminally. *Id.* at 71-72. The evidence demonstrated that the appellant brought weapons in order to fight the decedent, without intending to cause his death. *Id.*

5

Therefore, appellant was not convicted based on his mere possession of the alleged weapons, but because he intended to use those weapons to fight the decedent. *Id.*

Here, the jury acquitted the defendant on the charge of Aggravated Assault of Gary Hall and did not reach a verdict on the two remaining Aggravated Assault charges. Both Williams and Pack testified that it was the unidentified men shot Hall, not the defendant. N.T. 11.19.2013 at 133-135; N.T. 11.20.2013 at 146, 148. After the initial shooting of Hall, all six men ran up Cortland Street and the shooting continued. N.T. 11.19.2013 at 133-135; N.T. 11.20.2013 at 146, 148, 160, 164. At least two guns were fired during the incident. N.T. 11.20.2013 at 30-31. The evidence established that multiple individuals were shooting. What was unclear was who was shooting at whom. Therefore, it was reasonable for the jury to acquit the defendant of the Aggravated Assault charge of Hall based on a lack of evidence as to the identity of the shooter.[3]

The lack of a verdict for the Aggravated Assault charges for the John Does does not affect the defendant's conviction for PIC. The jury was presented with sufficient evidence of the defendant's intent to employ the Tec-9 firearm criminally. Williams, Pack, and Dudley testified that the defendant not only possessed the Tech-9 firearm but fired it. N.T. 11.19.2013 at 133-135; N.T. 11.20.2013 at 73-74, 146, 148. The ballistics evidence confirmed that the Tech-9 weapon was fired at least thirteen times. N.T. 11.20.2013 at 31. The motive for the shooting involved defendant's child's mother. N.T. 11.19.2013 at 136. The defendant brought a loaded firearm to a verbal confrontation and did not hesitate to use it. Finally, the defendant expressed his guilt in front of the jury when he attempted to plead guilty to this charge. *Id.* at 22. The

---

[3] This Court notes that by not acquitting the defendant of the two Aggravated Assault charges of the John Does the jury concluded the defendant did not act in justifiable self-defense. The jury made no finding that negated the defendant's intent to use the firearm criminally. Accordingly, the general rule that consistency in verdicts is not required and a mere facial inconsistency in verdicts is not a valid basis upon which to upset a conviction applies in this case. *See Commonwealth v. Carter,* 282 A.2d 375, 376 (Pa. 1971).

6

defendant's statement was a relevant piece of evidence for the jury to use in its deliberations and was so instructed. N.T. 11.21.2013 at 66-67. The evidence was more than sufficient to support the defendant's conviction for PIC

The defendant's two convictions for violations of the Uniform Firearms Act (VUFA) are also a sufficient basis upon which the jury could convict the defendant of PIC. Here, unlike in *Commonwealth v. Moore*, 49 A.3d 896, 903 (Pa. Super. 2012), *appeal granted in part*, 68 A.3d 327 (Pa. 2013), the jury was presented with evidence of the defendant's firearms violations and found that the defendant's possession of the Tech-9 firearm was a criminal act. Thus, the Superior Court of Pennsylvania's reasoning that that "one could logically argue that where a defendant is prohibited from the possessing of a firearm, the fact of possession, in and of itself, does establish intent to employ the gun criminally" applies in this case. *Moore*, 49 A.3d at 902. Here, the jury convicted the defendant of Carrying a Firearm without a License and Carrying a Firearm in Public in Philadelphia when it convicted the defendant of PIC. The defendant was committing two crimes by possessing the Tech-9 firearm. This Court finds that the VUFA convictions are a separate and sufficient basis for the jury to convict the defendant of PIC.

The defendant also argues that this Court erred in sentencing him by failing to consider that he took responsibility for his actions by admitting prior to the beginning of the trial that he had illegally possessed a gun. Specifically, the defendant asserts this Court should have given him a mitigated sentence for accepting responsibility of his illegal possession of the firearm. This Court notes at the outset that the defendant presents only a general argument that this Court should have given him a mitigated sentence. Appellate review of sentences is governed by 42 Pa.C.S. § 9781 of the Pennsylvania Sentencing Code, which makes clear that there is no absolute

7

right to appellate review of the discretionary aspects of a sentence. *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002).

"Sentencing is a matter vested in the sound discretion of the sentencing judge' and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)(citation omitted). On appeal, a sentencing court will not be found to have abused its discretion unless the record reveals that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. *Id.* 42 Pa.C.S. § 9721(b) specifies that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

Under the Sentencing Guidelines the suggested minimum sentence for the charge of Carrying a Firearm without a License was twelve to twenty four months of incarceration plus or minus twelve months. Basic Sentencing Matrix, 204 Pa. Code § 303.16. This Court sentenced the defendant to a guideline sentence of two to six years of incarceration. The suggested minimum sentence for the charge of Carrying a Firearm in Philadelphia was restorative sanctions to nine months of incarceration plus or minus three months. *Id.* This Court sentenced the defendant to a guideline sentence of six months to one year of incarceration. The suggested minimum sentence for PIC was restorative sanctions to one month imprisonment. *Id.* This Court sentenced the defendant to a mitigated sentence of no further penalty.

The defendant argues that this Court failed to consider the fact that the defendant purported to plead guilty to the firearms charges. The defendant asserts that this behavior demonstrates that he accepted responsibility for his illegal possession of a firearm which merited a mitigated sentence. This Court rejects the defendant's characterization of his actions. By his

8

failure to abide by Pennsylvania Rule of Criminal Procedure 590, the defendant did not enter a plea of guilty but instead continued to demand a trial by jury. Contrary to his claims, the defendant never accepted responsibility for his crimes nor did he plead guilty to the weapons charges. He chose to engage in gamesmanship designed to confuse the jury. The defendant did not accept responsibility for his actions at the time of this stunt, nor at the time of sentencing. N.T. 1.17.2014 at 25.

In sentencing the defendant, this Court considered the presentence investigation, the seriousness of the offense, the protection of society, and the Sentencing Guidelines, as well as the defendant's age, history, family, background, and rehabilitative needs. *Id.* at 8-10, 26-28. This Court's guideline sentence was reasonable given all of the circumstances of the case.

For the foregoing reasons, the decision of this Court should be affirmed.

BY THE COURT,

Barbara A. McDermott, J.

9