**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Ross RHOADES Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 25, 2010.

Filed Nov. 12, 2010.

Joseph J. Hylan, Norristown, for appellant.

Adrienne Jappe, Assistant District Attorney, Norristown, for Commonwealth, appellee.

BEFORE: MUSMANNO, PANELLA and SHOGAN, JJ.

OPINION BY PANELLA, J.

Appellant, Ross Rhoades, appeals from the judgment of sentence entered on October 5, 2009, by the Honorable Paul W. Tressler, Court of Common Pleas of Montgomery County. After careful review, we affirm.

The facts of the instant case are as follows. Rhoades and the victim shared an apartment in Lansdale, Pennsylvania. On February 10, 2008, the couple had an argument and the victim stayed at a friend's house that evening. The following afternoon, on February 11, 2008, Rhoades convinced the victim to return to their apartment to discuss their relationship. When the victim arrived at the apartment, Rhoades immediately verbally and physically attacked her. Throughout the course of the horrific assault, Rhoades: beat the victim repeatedly with both fists and a riding crop, threatened to burn her eye with a lit cigarette, choked her with an extension chord and a belt, threatened her with a knife, attempted to drown the victim in a bucket filled with Pine Glo and mop water, doused the victim in lighter fluid and taunted her by holding a lighter to her dress, and anally raped her with a glass beer bottle. The victim ultimately escaped from the apartment and called 911.

Rhoades was subsequently arrested and charged with attempted first degree mur-

der,[1] two counts of rape,[2] two counts of involuntary deviate sexual intercourse ("IDSI"),[3] two counts of aggravated assault,[4] two counts of simple assault,[5] terroristic threats,[6] unlawful restraint,[7] recklessly endangering another person ("REAP"),[8] and possession of an instrument of crime ("PWID").[9] On May 26, 2009, Rhoades entered an open guilty plea to one count of IDSI, two counts of aggravated assault, and one count each of terroristic threats, unlawful restraint, REAP, and PWID, in exchange for which all other charges were *nol prossed.*[10] On October 5, 2009, following a hearing and review of a pre-sentence investigation report, the lower court sentenced Rhoades to an aggregate term of no less than fifteen nor more than 40 years imprisonment. This timely appeal followed.

On appeal, Rhoades raises the following issues for our review:

1. Did the [t]rial [c]ourt err by applying the Deadly Weapon Enhancement, thereby calculating an incorrect sentencing matrix applicable to the offense of Involuntary Deviate Sexual Intercourse in so far as the instrumentality used (that is, a bottle) was not a deadly weapon?

2. Did the [t]rial [c]ourt err by applying the Deadly Weapon Enhancement, thereby calculating an incorrect sentencing matrix applicable to the offense of Involuntary Deviate Sexual Intercourse in so far as the

item used (that is, a bottle) was an element of the offense?

3. Did the [t]rial [c]ourt err in failing to merge for purposes of sentencing the two charges of Aggravated Assault as both charges arose out of the same course of criminal conduct?

4. Considering the significant circumstances presented in mitigation, was [sic] the sentences imposed unduly harsh?

Appellant's Brief, at 2.

Rhoades claims that the sentencing court abused its discretion in applying the deadly weapon enhancement to the sentence imposed on the IDSI conviction because the glass bottle employed to anally penetrate the victim is not a deadly weapon. *See* Appellant's Brief, at 9. We disagree.

■■■■■ Because Rhoades claims that his sentence is excessive, he does not challenge its legality; rather, he challenges its discretionary aspects. "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." *Commonwealth v. Shugars,* 895 A.2d 1270, 1273–74 (Pa.Super.2006). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Id.* at 1274.

The certified record reveals that on October 7, 2009, Rhoades filed a Motion for Reconsideration of Sentence, alleging that

1. 18 PA. CONS.STAT. ANN. § 2502; 18 PA. CONS. STAT.ANN. § 901.

2. 18 PA. CONS.STAT. ANN. §§ 3121(a)(1) and (2).

3. 18 PA. CONS.STAT. ANN. §§ 3123(a)(1) and (2).

4. 18 PA. CONS.STAT. ANN. §§ 2702(a)(1) and (4).

5. 18 PA. CONS.STAT. ANN. §§ 2701(a)(1) and (3).

6. 18 PA. CONS.STAT. ANN. § 2706(a)(1).

7. 18 PA. CONS.STAT. ANN. § 2902(a)(1).

8. 18 PA. CONS.STAT. ANN. § 2705.

9. 18 PA. CONS.STAT. ANN. § 907(a).

10. Rhoades was ordered to undergo a psychological evaluation, after which it was determined that he was not a sexual offender. N.T., Sentencing, 10/05/09, at 4.

the trial court erred in applying the deadly weapon enhancement to the sentence imposed on the IDSI conviction. As this motion adequately preserved Rhoades's challenge to the discretionary aspects of his sentence, we will proceed to address his arguments on appeal.

We begin our review by noting that, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super.2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the appropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa.Super.2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id.* "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.* That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists.[11] *See id.* "Our inquiry

must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.*

In the present case, Rhoades's appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. Further, we have found on several occasions that the application of the deadly weapon enhancement presents a substantial question. *See, e.g., Commonwealth v. Kneller*, 999 A.2d 608, 614 (Pa.Super.2010) (citation omitted); *Commonwealth v. Hatcher*, 746 A.2d 1142, 1144 (Pa.Super.2000); *Commonwealth v. Greene*, 702 A.2d 547, 551 (Pa.Super.1997). Therefore, we will address the merits of Rhoades's claim.

To determine whether a deadly weapon enhancement should apply, the Sentencing Code provides as follows:

When the Court determines that the offender used a deadly weapon during the commission of the current conviction offense, the Court shall use the DWE/Used Matrix (§ 303.18). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual; (i) any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or (ii) any dangerous weapon (as defined in 18 P.S. § 913) or (iii) any device, implement, or Instru-

---

11. Rule 2119 provides the following, in pertinent part:

. . .

**(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise state-

ment of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.
Pa.R.A.P., Rule 2119(f), 42 PA. CONS.STAT. ANN.

mentality capable of producing death or serious bodily injury. 204 PA.CODE § 303.10(a)(2).

Pennsylvania law defines a deadly weapon as "any firearm, loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or *any other device or instrumentality which, in the manner in which it is used or intended to be used,* is calculated or likely to produce death or serious bodily injury." 18 PA. CONS.STAT. ANN. § 2301 (emphasis added). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.*

■ Items not normally considered deadly weapons can take on such status based upon their use under the circumstances. *Commonwealth v. Raybuck,* 915 A.2d 125, 128 (Pa.Super.2006) (citing *Commonwealth v. Scullin,* 414 Pa.Super. 442, 607 A.2d 750, 753 (1992) (finding tire iron thrown at victim was a deadly weapon), *appeal denied,* 533 Pa. 633, 621 A.2d 579 (1992)); *Commonwealth v. Cornish,* 403 Pa.Super. 492, 589 A.2d 718, 721 (1991) (fireplace poker used to strike victim constituted a deadly weapon); *Commonwealth v. Brown,* 402 Pa.Super. 369, 587 A.2d 6, 7 (1991) (saw used to stab victim was a deadly weapon).

As used under the instant circumstances, we do not hesitate to find an intact glass bottle constituted a deadly weapon. As previously noted, the victim testified at sentencing that Rhoades anally raped her with a beer bottle. N.T., Sentencing, 10/5/09, at 27. Clearly, a glass bottle forcibly inserted into a body cavity, here, the rectum, is calculated or likely to produce "serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or or-gan." 18 PA. CONS.STAT. ANN. § 2301; 204 PA.CODE § 303.10(a)(2). Accordingly, we find no error in the trial court's determination that a glass bottle constituted a deadly weapon under the circumstances of the instant case.

■ Rhoades alternatively argues that the trial court erred when it applied the deadly weapon enhancement to his IDSI conviction. The Sentencing Code provides that there shall be no deadly weapon enhancement for "[a]ny offense for which possession of a Deadly Weapon is an element of the statutory definition." 204 PA. CODE § 303.10(a)(3)(ix). Rhoades contends that the glass bottle was an element of the IDSI offense and therefore, "the instrumentality cannot then trigger an application of the Deadly Weapon Enhancement." Appellant's Brief, at 10.

We cannot agree with Rhoades's interpretation of the statutory elements of involuntary deviate sexual intercourse. A person commits IDSI when the person "engages in deviate sexual intercourse with a complainant: (1) by forcible compulsion; [or] (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution. . . ." 18 PA. CONS.STAT. ANN. § 3123(a). Deviate Sexual Intercourse is defined as:

[s]exual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures.

18 PA. CONS.STAT. ANN. § 3101.

The plain language of the statute reveals no mention of a deadly weapon element whatsoever. Although we agree that the statutory definition of IDSI includes penetration with a foreign object, there is no

requirement that the foreign object used must also be a deadly weapon. The clear statutory language is not altered merely because the foreign object used for purposes of the IDSI conviction was also considered by the trial court to be a deadly weapon for the purposes of applying the deadly weapon enhancement. Thus, we find that the trial court correctly applied the deadly weapons enhancement to Rhoades's IDSI conviction, and Rhoades's argument otherwise is without merit.

▄▄▄▄▄ Rhoades next argues that the trial court erred when it failed to merge his convictions for aggravated assault, counts six and seven, for sentencing purposes. Appellant's Brief, at 11. A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence, which cannot be waived. *Commonwealth v. Williams,* 980 A.2d 667, 672 (Pa.Super.2009), *appeal denied,* 605 Pa. 700, 990 A.2d 730 (2010).

Section 9765 of the Judicial Code provides guidance on merger of sentences:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 PA. CONS.STAT. ANN. § 9765. In recently interpreting Section 9765, our Supreme Court has mandated that courts of this Commonwealth apply an elements-based test when determining questions of merger at the time of sentencing:

> A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act *unless all of the stat-utory elements of one of the offenses are included in the statutory elements of the other.*

*Commonwealth v. Baldwin,* 604 Pa. 34, 45, 985 A.2d 830, 837 (2009) (emphasis added).

Applying this standard to the facts of the case *sub judice,* we find that the charges for aggravated assault at counts 6 and 7, 18 PA. CONS.STAT. ANN. §§ 2702(a)(1) and 2702(a)(4), respectively, did *not* share identical statutory elements:

> [W]hen the two subsections are read together it is apparent that subsection (4) contains an element that is not found in the greater offense of subsection (1). Specifically, subsection (4) requires that the assault be caused or attempted "with a deadly weapon". This element is not contained in subsection (1), which prohibits any attempt to cause or the causing of serious bodily injury but which does not limit itself to any particular mode of causing such an injury.

> .    .    .    .    .

> It is therefore possible that a subsection (1) assault may be proved in some cases without necessarily proving a subsection (4) assault.

*Commonwealth v. Ferrari,* 406 Pa.Super. 12, 593 A.2d 846, 848–849 (1991) (citation omitted) (emphasis omitted). Therefore, as Rhoades's assault convictions contain disparate elements, we find no error in the trial court's failure to merge these crimes for sentencing purposes.

▄▄▄▄▄ Lastly, Rhoades claims that the trial court's alleged failure to consider mitigating circumstances of record resulted in an unduly harsh sentence. Appellant's Brief, at 6. Although Rhoades's claim challenges the discretionary aspects of his sentence, an allegation that the sentencing court failed to consider mitigating factors generally does not raise a substan-

tial question for our review. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super.2010).[12] Moreover, where, as here, the sentencing court had the benefit of a presentence investigation report, "we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.' " *Id.* (citation omitted). Accordingly, we are precluded from addressing Rhoades's challenge to the discretionary aspects of his sentence on this basis.

Judgment of sentence affirmed. Jurisdiction relinquished.

**12.** This Court has held that a substantial question exists when a sentencing court imposed a sentence *in the aggravated range* without considering mitigating factors. *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super.2003). Here, Rhoades contends that the sentence imposed on his IDSI conviction is in the aggravated range of the sentencing guidelines based upon his claim that the sentencing court incorrectly applied the deadly weapon enhancement to that conviction. Appellant's Brief, at 12. However, we have determined that the sentencing court's application of the deadly weapon enhancement was appropriately applied, and Rhoades's sentence is within the standard range of the deadly weapons enhancement guidelines. Therefore, we find no substantial question is raised.