J-S46040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH ANN BELL, | : | |
| | : | |
| Appellant | : | No. 106 MDA 2014 |

Appeal from the Judgment of Sentence entered on January 2, 2014
in the Court of Common Pleas of Perry County,
Criminal Division, No. CP-50-CR-0000431-2013

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 11, 2014**

Elizabeth Ann Bell ("Bell") appeals from the judgment of sentence imposed following her entry of a guilty plea to one count of theft by unlawful taking.[1]  We dismiss the appeal.

The trial court set forth the relevant facts and procedural history as follows:

> On November 1, 2013, [Bell] was sentenced in an unrelated Dauphin County case to [a] minimum [of] fifteen (15) months, maximum [of thirty] (30) months incarceration in a State Correctional Institution.  Subsequently, on November 21, 2013, [Bell] entered a Guilty Plea in the instant case to one (1) count of Theft by Unlawful Taking, a Felony of the Second Degree. After receipt and review of a pre-sentence investigation, the Court sentenced [Bell] to a minimum [of] fifteen (15) months, maximum [of] thirty (30) months period of incarceration in a State Correctional Institution[,] to run consecutive to the Dauphin County sentence.

---

[1] 18 Pa.C.S.A. § 3921.

Trial Court Opinion, 3/17/14, at 1. Additionally, Bell was to pay restitution as to all five counts in the Information. Bell filed a Motion to Reconsider Sentence, which the trial court denied. Bell then filed a timely Notice of Appeal. The trial court ordered Bell to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of matters complained of on appeal. Bell filed a timely Concise Statement.

On appeal, Bell raises the question of whether "the trial court [erred] in not running [Bell's] sentence concurrent to that of Dauphin County in that [she] was alleging a crime spree being the result of her gambling addiction?" Brief for Appellant at 6.

Bell challenges the discretionary aspects of her sentence.

An appellant challenging the discretionary aspects of [her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\* \* \*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

- 2 -

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Bell filed a timely Notice of Appeal, presented her claim in a Motion to Reconsider the Sentence, and included a Rule 2119(f) Statement in her brief. Bell claims that she has presented a substantial question because the trial court failed to consider certain mitigating factors in imposing the sentence. Brief for Appellant at 8. Bell specifically contends that her Perry County sentence should have been imposed concurrently with her Dauphin County sentence because both crimes were a result of her gambling addiction. ***Id.*** She also argues that the trial court should have considered her age (49), as a long prison term would ultimately harm the victims to whom she owes restitution. ***Id.***

Bell's contentions do not raise a substantial question. ***See Commonwealth v. Rhoades***, 8 A.3d 912, 918-19 (Pa. Super. 2010) (stating that consideration of mitigating factors does not raise a substantial question); ***see also Moury***, 992 A.2d at 171 (stating that "the trial court has discretion to impose sentences consecutively or concurrently, and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question."). Moreover, where, as here, the trial court had the benefit of a pre-sentence investigation report, "we can assume the [] court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."

***Rhoades***, 8 A.3d at 919. Accordingly, we are precluded from addressing Bell's challenge to the discretionary aspects of her sentence on this basis. ***See id.*** (wherein this Court concluded that it could not address appellant's discretionary aspects of sentencing claim because a substantial question was not raised and the trial court had the benefit of a pre-sentence investigation report).

      Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014