J-S14025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN FAHEY | |
| Appellant | No. 1599 EDA 2014 |

Appeal from the Judgment of Sentence May 14, 2013
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001309-2012

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 27, 2015**

Appellant, Kevin Fahey, appeals from the judgment of sentence entered on May 14, 2013, following his jury trial convictions of three counts of terroristic threats and one count of ethnic intimidation.[1]  We affirm.

We summarize the facts and procedural history of this case as follows. On June 2, 2012, Appellant made racially motivated comments to his neighbor, on various occasions during the day, on Lakeside Drive in Penn Estates in Monroe County, Pennsylvania.  On July 30, 2012, the Commonwealth filed a bill of criminal information charging Appellant with three counts each of terroristic threats and ethnic intimidation. Both the Commonwealth and Appellant requested psychiatric evaluations of Appellant

---

[1]  18 Pa.C.S.A. §§ 2706(a)(1) and 2710(a), respectively.

and he was determined to be competent to stand trial. Following a trial on April 4, 2013, a jury found Appellant guilty of three counts of terroristic threats and one count of ethnic intimidation. On May 14, 2013, the trial court sentenced Appellant to an aggregate term of imprisonment of 21 to 42 months. Appellant was ordered to undergo a drug and alcohol evaluation, as well as a psychological evaluation.

On May 21, 2013, Appellant filed a motion to reconsider his sentence, alleging that it was excessive. The trial court denied relief by order dated May 23, 2013. Appellant did not file a direct appeal. On January 27, 2014, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On February 7, 2014, the trial court appointed counsel who later filed an amended PCRA petition. On May 5, 2014, after a hearing, the trial court entered an order reinstating Appellant's rights *nunc pro tunc* after determining that trial counsel was ineffective for failing to file a direct appeal. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

I. Whether the [l]ower [c]ourt abused its discretion at the time of [s]entencing in this matter.

II. Whether the lower [c]ourt erred by disallowing Appellant's [c]ounsel to question a Commonwealth

---

[2] Appellant filed a notice of appeal on May 27, 2014. On June 10, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 21, 2014.

> witness regarding his prior guilty plea to a *crimen falsi* offense, notwithstanding the fact that the witness had withdrawn his plea prior to his testimony in the case at bar.

Appellant's Brief at 6 (suggested answers omitted).

In his first issue presented, Appellant contends that the trial court abused its discretion during sentencing when it failed to consider mitigating factors. In sum, Appellant argues:

> In this matter, Appellant was sentenced within the standard range of sentencing, but it is clear that there was a mental health component at play regarding the underlying offense. Prior to trial in this matter, the lower court granted [m]otions by both [] Appellant and [] the Commonwealth for mental health evaluations on Appellant. At sentencing, the court clearly felt that Appellant's mental health played a part in his behavior, as evidenced by the fact that the court ordered that he undergo a comprehensive psychological examination and abide by all recommended treatment, including the taking of prescribed medications. Under those circumstances, Appellant contends that the sentence imposed in this matter represented an abuse of discretion, because it did not adequately take into consideration Appellant's compromised mental health.

*Id.* at 12-13.

Appellant is challenging the discretionary aspects of his sentence. This Court has previously determined:

> Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This appeal is, therefore, more appropriately considered a petition for allowance of appeal. Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his or her brief a concise statement of matters relied upon for allowance of appeal with respect to the discretionary aspects of his [or her] sentence. Pa.R.A.P. 2119(f). Second,

- 3 -

he or she must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b).

The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Commonwealth v. Seagraves**, 103 A.3d 839, 841 (Pa. Super. 2014) (citation and brackets omitted).

Here, Appellant has complied with Rule 2119 as stated above; however, he has failed to raise a substantial question. A claim that the trial court failed to consider mitigating factors in fashioning sentence does not generally raise a substantial question when the trial court imposes a standard range sentence. **See Commonwealth v. Rhoades**, 8 A.3d 912, 918-919 n.12 (Pa. Super. 2010)(allegation that the sentencing court failed to consider mitigating factors in imposing a **standard range** sentence generally does not raise a substantial question for our review); **compare Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (a substantial question exists when a sentencing court imposes a sentence in the **aggravated range** without considering mitigating factors.) Here, as Appellant concedes, he received a standard range sentence. Thus, his complaint that the trial court failed to consider mitigating factors in fashioning his sentence fails to raise a substantial question.

Regardless, "[i]n reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." **Seagraves**, 103 A.3d at 842 (citation omitted). In this matter, the trial court specifically referenced the pre-sentence investigation report prepared in this case before imposing sentence. N.T., 5/14/2013, at 2, 8. Before sentencing, the trial court read portions of Appellant's mental evaluation into the record, wherein the examining doctor opined:

> [Appellant] appears to lack insight, however, into his actions and fails to accept responsibility for them. It is my opinion to a reasonable degree of psychological certainty that [Appellant] has a borderline personality with some overlay of antisocial behaviors. Care is essential in dealing with him in order to prevent any explosive behaviors and to prevent him from manipulation in therapeutic sessions. His denial of all issues will make it extremely difficult for him to accept responsibility for any negative interpersonal relationships.

*Id.* at 8-9. "When, as here, the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." **Seagraves**, 103 A.3d at 842 (citation omitted). Thus, we discern no abuse of discretion in sentencing Appellant. Accordingly, Appellant's first issue lacks merit.

Next, Appellant argues that the trial court erred by prohibiting defense counsel from questioning Commonwealth witness, Adel Mikheil, about his prior guilty pleas to *crimen falsi* offenses, insurance fraud and theft, committed in New Jersey. Appellant's Brief at 13.

"Our standard of review over evidentiary rulings requires us to determine whether the trial court abused its discretion." ***Commonwealth v. Henkel***, 938 A.2d 433, 440 (Pa. Super. 2007) (citation omitted). "For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement." Pa.R.E. 609. "Pa.R.E. 609(a) requires an actual conviction of a crime involving dishonesty or false statement in order for a witness's credibility to be attacked with evidence of the crime." ***Commonwealth v. Chmiel***, 889 A.2d 501, 535 (Pa. 2005). "[T]he veracity of a witness may not be impeached by prior arrests which have not led to convictions." ***Id.*** at 534.

Here, the witness testified that he entered a guilty plea to insurance fraud and theft in New Jersey, subsequently withdrew his plea, and had not been convicted at the time of this trial. N.T., 4/4/2013, at 44-45. At this point, the trial court allowed a recess to "run a criminal history" on the witness to verify the veracity of his statements. ***Id.*** at 46. Following the recess, the trial court issued a curative instruction to the jury to disregard information regarding *crimen falsi* crimes the witness allegedly committed as "that information [was] stricken from the record, [because the witness] has not been convicted of those offenses in the State of New Jersey." ***Id.*** at 47. Appellant did not object to the issuance of the curative instruction. The

witness in this case withdrew his guilty plea in the New Jersey matter prior to this trial, thus, charges were still pending and a New Jersey court had yet to convict the witness. "Because there was no conviction, admission of this evidence was properly barred to challenge the credibility of the witness." *Chmiel*, 889 A.2d at 535. Accordingly, we discern no abuse of discretion in precluding defense counsel from questioning the witness about *crimen falsi* charges that were pending, but had not resulted in convictions. Hence, Appellant's second claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015