J-A18045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM HENRY JODUN | |
| Appellant | No. 1948 MDA 2014 |

Appeal from the Judgment of Sentence entered on September 15, 2014
in the Court of Common Pleas of Clinton County
Criminal Division at No. CP-18-CR-0000224-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　**FILED JULY 29, 2015**

William Henry Jodun ("Jodun") appeals from the judgment of sentence imposed following his negotiated guilty plea to aggravated indecent assault. **See** 18 Pa.C.S.A. § 3125(a)(8).  We affirm.

In May 2014, Jodun, a sixty-year-old man, penetrated the vagina of a fourteen-year-old girl with his fingers, performed oral sex on her and convinced the minor to give him a "hand job."  Jodun subsequently entered a negotiated guilty plea to one count of aggravated indecent assault.[1] Following the trial court's acceptance of Jodun's plea, the court ordered the preparation of a pre-sentence investigation report ("PSI").  On September

---

[1] The guilty plea agreement contained a provision recommending that the trial court impose a sentence within the standard range.

15, 2014, the sentencing court sentenced Jodun to 36 to 120 months in prison, which was within the standard guideline range.[2] Jodun timely filed a post-sentence Motion, asserting, *inter alia*, that his sentence was excessive and inappropriate given the sentencing court's failure to consider certain mitigating factors. The sentencing court denied Jodun's post-sentence Motion, after which Jodun filed a timely Notice of Appeal.

On appeal, Jodun raises the following question for our review:

> Did the trial court abuse its discretion when it sentenced [Jodun] to serve the maximum of his standard range [sentence] despite the totality of the circumstances?

Brief for Appellant at 7.

Jodun's claim challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is

---

[2] Under the sentencing guidelines applicable to Jodun's offense, the standard range for the minimum prison sentence is twenty-two to thirty-six months. *See* N.T., 10/17/14, at 2.

> not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (citations and quotation marks omitted).

Here, Jodun filed a timely Notice of Appeal, raised his claims in a post-sentence Motion, and included a Rule 2119(f) Statement in his brief. Therefore, Jodun has met the first three requirements of *Moury*.

In an attempt to satisfy the substantial question prong of *Moury*, Jodun argues that the sentencing court imposed an excessive and unreasonable sentence that failed to take into consideration various mitigating factors, such as his lack of any prior criminal record, his employment, and responsibilities as a father. *See* Brief for Appellant at 11.

Jodun essentially argues that the sentencing court abused its discretion by failing to adequately consider certain mitigating factors. However, such a claim does not raise a substantial question for our review. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009); *see also Commonwealth v. Rhoades*, 8 A.3d 912, 918-19 (stating that "[a]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for review.").

Likewise, Jodun's bald allegation that his standard-range sentence was excessive does not present a substantial question. *See Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (holding that a bald allegation of excessiveness does not raise a substantial question).

However, even if Jodun had raised a substantial question, the record reflects that the sentencing court properly considered all relevant mitigating factors and exercised sound discretion in sentencing Jodun. *See Commonwealth v. Butterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (stating that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."). Initially, we observe that the sentencing court in the instant case had the benefit of a PSI. Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Ventura,* 975 A.2d 1128, 1135 (citation omitted).

Moreover, the record reflects that the sentencing court considered Jodun's lack of a criminal record, ability to retain employment, his remorse and the fact that he took responsibility for his actions. *See* Trial Court Opinion, 10/22/14, at 2 (unnumbered). The record further reflects that the sentencing court considered Jodun's testimony that his daughter had previously been molested. *See id*. at 3; *see also* N.T., 11/18/14, at 5

(wherein Jodun stated that he shared this experience with the trial court in order to empathize with the victim). In addition, our review discloses that the sentencing court considered that Jodun had no infractions while in prison. *See* Trial Court Opinion, 10/22/14, at 2.

After having considered all of these mitigating factors, the sentencing court did not abuse its discretion in determining that Jodun's standard-range sentence was appropriate where the court was informed by PSI and considered the nature of the crime and the age of the victim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2015