J-S30045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KENNETH LEWIS BOWLING, | : | |
| | : | |
| Appellant | : | No. 1650 MDA 2016 |

Appeal from the Judgment of Sentence August 29, 2016
in the Court of Common Pleas of Franklin County,
Criminal Division, No(s): CP-28-CR-0001517-2015

BEFORE: SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 16, 2017**

Kenneth Lewis Bowling ("Bowling") appeals from the judgment of sentence imposed following his conviction of one count each of rape of a child, sexual assault, aggravated indecent assault of a child under 13 years of age, involuntary deviate sexual intercourse with a child under 16 years of age ("IDSI"), and two counts of incest.[1] We dismiss the appeal.

Between 2003 and 2013, Bowling sexually abused two minor females. According to the Affidavit of Probable Cause, Victim 1 was 8 years old at the time of the first assault, and Bowling had sexual intercourse with her on a regular basis during this time period. Victim 2 was approximately 10 years old when she was first assaulted by Bowling, who regularly showered with her and digitally penetrated her vagina with his fingers. When Victim 2 was approximately 14 years old, Bowling anally raped her as a punishment.

_____

[1] **See** 18 Pa.C.S.A. §§ 3121(c), 3124.1, 3125(a)(7), 3123(a)(7), 4302.

J-S30045-17

On March 24, 2016, a jury found Bowling guilty of the above-mentioned crimes. On August 29, 2016, the trial court sentenced Bowling as follows: rape of a child (240 months to 480 months in prison);[2] aggravated indecent assault of a child under 13 years of age (36 months to 120 months in prison); IDSI (66 months to 240 months in prison); incest (24 months to 120 months in prison); and incest (24 months to 120 months in prison). Additionally, the trial court ordered that each of Bowling's sentences were to run consecutively. Bowling filed a post-sentence Motion, which the trial court denied on September 12, 2016. Bowling filed a timely Notice of Appeal, and a court-ordered Concise Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b).

On appeal, Bowling raises the following claim for our review: "Did the trial court abuse its discretion when it sentenced [Bowling] to an aggregate sentence of 32½ years to 90 years in a State Correctional Institution, which constitutes cruel and unusual punishment?" Brief for Appellant at 13.

Bowling challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

---

[2] For sentencing purposes, Bowling's conviction for sexual assault merged with his conviction for rape of a child.

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

In the instant case, Bowling filed a timely Notice of Appeal, preserved his claim in a timely post-sentence Motion, and included in his appellate brief a separate Rule 2119(f) statement. As such, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. ***See Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to determine whether Bowling has presented a substantial question for our review.

We determine the existence of a substantial question on a case-by-case basis. A substantial question exists only when

> the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

***Commonwealth v. Diehl***, 140 A.3d 34, 44-45 (Pa. Super. 2016) (internal citations and quotation marks omitted).

- 3 -

In his Rule 2119(f) Statement, Bowling asserts that, because the trial court consecutively imposed each sentence with a minimum in the top of the standard range, and a maximum at the statutory maximum, his prison sentence of 32½ years to 90 years is essentially a life sentence. Brief for Appellant at 17.[3]

Bald excessiveness claims premised on the imposition of consecutive sentences do not raise a substantial question for review unless the case involves circumstances where the application of the guidelines would be clearly unreasonable. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013). In order to raise a substantial question, the sentencing court's decision to sentence consecutively must appear, on its face, to be excessive in light of the criminal conduct at issue. *Id*. at 1273.

Where, as here, the sentences are within the applicable guideline ranges, the sentencing judge's decision to impose consecutive sentences

---

[3] Bowling also contends that, when imposing sentence, the trial court failed to consider his rehabilitative needs, and the fact that he had no prior record score. Brief for Appellant at 17. Bowling failed to preserve these claims for our review because he did not raise them in his post-sentence Motion. *See Moury*, 992 A.2d at 170. Even if Bowling had preserved these claims for our review, we would have concluded that they do not raise a substantial question. *See Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa. Super. 2006) (holding that "[a] claim that a sentencing court failed to consider certain mitigating factors does not raise a substantial question that the sentence is inappropriate."); *see also Commonwealth v. Haynes*, 125 A.3d 800, 807 (Pa. Super. 2015) (holding that an assertion that the trial court failed to consider the defendant's rehabilitative needs does not raise substantial question).

standing alone does not raise a substantial question. As the **Dodge** Court

explained:

> [t]o make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. **See** [] **Moury**, [] 992 A.2d [at] 171-172 [] ([holding that] "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.")[.]

**Id**. at 1270 (emphasis in original).

Here, the consecutive imposition of Bowling's sentences did not result

in a clearly unreasonable or excessive sentence, and Bowling's bald claim of

excessiveness due to the consecutive nature of his sentences does not raise

a substantial question. **See id**.[4]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017

---

[4] Even if we were to conclude otherwise, upon review of the record and the trial court's Opinion, we would conclude that Bowling's challenge to his sentence has no merit for the reasons stated by the trial court. **See** Trial Court Opinion, 11/21/16, at 3-7.