J-S72028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELLIS WASHINGTON, | : | |
| | : | |
| Appellant | : | No. 3469 EDA 2016 |

Appeal from the Judgment of Sentence June 27, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0003663-2014

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 29, 2017**

Ellis Washington ("Washington") appeals the judgment of sentence imposed following his guilty plea to robbery (threatens serious bodily injury), conspiracy to commit robbery, and possession of an instrument of crime ("PIC").[1] We affirm.

The trial court set forth the relevant factual and procedural background as follows:

> On February 25, 2014, at approximately 3[:00] a[.]m[.], Thomas Desmond [("Desmond")] was standing at Frankford Avenue and Banner Street in the City of Philadelphia, when he was approached by [] Washington[] and Clinton Daniels [("Daniels")]. [Washington] put a gun to [] Desmond's back[,] and led him into a driveway. [Washington] and [] Daniels went through [Desmond's] pockets, and took his wallet and cell phone. [] Daniels then punched [Desmond] and encouraged [Washington] to shoot [Desmond]. [Washington] fired his gun

---

[1] **See** 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 907(a).

---

* Former Justice specially assigned to the Superior Court.

one time and then ran towards a parked Toyota Corolla. [Desmond] waived down police officers, who pursued the Corolla. Eventually[, Washington] and [] Daniels exited the vehicle and fled on foot. The police found [Washington] hiding underneath a truck, and found [] Daniels hiding on a nearby porch, along with [Desmond's] cell phone. [Washington's] firearm and [Desmond's] wallet were found inside the Corolla. [Washington] was arrested and charged with [r]obbery (18 Pa.[]C.S.A. § 3071(a)(1)(ii)) and related offenses.

On July 22, 2015, [Washington] pled guilty [at CP-51-CR-003663-2014] to [r]obbery, [c]onspiracy to [c]ommit [r]obbery, and [PIC] (18 Pa.[]C.S.A. § 907(a)). [Washington's] plea to [r]obbery constituted a second strike under Pennsylvania's sentencing law, as he was previously convicted of [r]obbery[,] as a felony in the first degree. On June 27, 2016, this Court sentenced [Washington] to ten (10) to twenty (20) years of confinement for [r]obbery, twenty (20) years of probation for [c]onspiracy, and five (5) years of probation for PIC, for a total sentence of ten (10) to twenty (20) years of confinement, with twenty-five (25) years of probation to run concurrently. Because [Washington] was on [] probation for a 2013 robbery [at CP-51-CR-0000520-2013] at the time of his new offense, [the trial court] also found [him] to be in violation of [his] probation, revoked his probation and imposed a [v]iolation of [p]robation [("VOP")] sentence of nine (9) to eighteen (18) years, to be served consecutively to the sentence imposed on CP-51-CR-003663-2014. [Washington] subsequently filed a timely Motion for Reconsideration of sentence for both cases. The [M]otion was denied by operation of law for CP-51-CR-003663-2014 on October 24, 2016, and [the trial court entered an Order reflecting said denial on that date. Washington] then filed a timely Notice of Appeal [solely as to CP-51-CR-003663-2014] to the Superior Court of Pennsylvania.

Trial Court Opinion, 2/22/17, at 1-2 (citations to record and captions omitted).

omitted).[2]

On appeal, Washington raises the following issue for our review: "Did the trial court commit an abuse of discretion by imposing upon [Washington] a manifestly excessive sentence of nineteen (19) years to thirty[-]eight (38) years[,] followed by 25 years of consecutive probation?" Brief for Appellant at 7.

Washington challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

_____

[2] The trial court further noted that, due to an administrative error, the Motion for Reconsideration of sentence, filed at CP-51-CR-0000520-2013, was never denied. *See* Trial Court Opinion, 2/22/17, at 2. The trial court scheduled a hearing on that Motion for March 14, 2017. *See id*. However, the disposition of that Motion, filed at CP-51-CR-0000520-2013, is not at issue in the instant appeal.

In the instant case, Washington filed a timely post-sentence Motion, a timely Notice of Appeal, and included in his appellate brief a separate Rule 2119(f) Statement. Although Washington is in technical compliance with the requirements to challenge the discretionary aspects of his sentence, **see Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010), we must determine whether he preserved his issue for our review.

In his Motion for Reconsideration, Washington challenged the trial court's "sentence of 19-38 years of incarceration[,]" on the following bases: (1) "there are numerous other sentencing alternatives that could have been appropriately imposed in this case[;]" and (2) "the [c]ourt offered no explanation or insight as to why it deviated upward from the prosecution's requested sentence[,] or the mandatory sentence of 10-20 years." Motion for Reconsideration, 6/27/16, at 1 (unnumbered).[3] In his Rule 2119(f) Statement, Washington argues that "the trial court imposed an excessive sentence where it gave no meaningful consideration to the [sentencing g]uidelines, but merely sentenced [Washington] to the statutory 10-20 [years'] mandatory minimum on the open case[,] and gave a consecutive period of 9-18 [years] on the VOP." Brief for Appellant at 12.

Although Washington purports to challenge both his sentence imposed at CP-51-CR-003663-2014 and his sentence imposed at CP-51-CR-0000520-

---

[3] In his Motion for Reconsideration, Washington did not challenge the probationary aspects of his sentence imposed at CP-51-CR-003663-2014.

2013, only his sentence imposed at CP-51-CR-003663-2014 is before us. Additionally, as Washington did not challenge the probationary aspects of his sentence imposed at CP-51-CR-003663-2014 in his Motion for Reconsideration, our review is confined to the prison sentence of 10-20 years imposed following Washington's guilty plea to robbery. Thus, we will proceed to determine whether Washington has presented a substantial question for our review with regard to this aspect of his sentence.

We determine the existence of a substantial question on a case-by-case basis. A substantial question exists only when

> the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

**Commonwealth v. Diehl**, 140 A.3d 34, 44-45 (Pa. Super. 2016) (internal citations and quotation marks omitted).

Here, as the trial court aptly noted, no judicial discretion was involved in the imposition of Washington's sentence for robbery. **See** Trial Court Opinion, 2/22/17, at 3. As this was Washington's second conviction for robbery, the trial court was required to regard his conviction as a "second strike" and impose a mandatory minimum prison sentence of 10-20 years, pursuant to 42 Pa.C.S.A. § 9714(a)(1). **See id**. Moreover, Washington concedes that "[t]he guilty plea was negotiated to the period of 10-20 years

because this qualified as the second strike for Washington, and therefore the mandatory minimum." Brief for Appellant at 12-13. As Washington has not advanced a colorable argument that the trial court's actions were either (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms of the sentencing process, he has not demonstrated that there is a substantial question that his sentence for robbery is inappropriate. *See Diehl*, 140 A.3d 34, 44-45.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/29/2017*