J-S73035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FLORENCIO ROMAN QUINONES, III, | : | |
| | : | |
| Appellant | : | No. 803 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 1, 2019
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003151-2014

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: FEBRUARY 7, 2020**

Florencio Roman Quinones, III ("Quinones"), appeals from the judgment of sentence imposed following the revocation of his probation. Upon review, we affirm.

On September 30, 2015, Quinones pled guilty to one count of second-degree robbery following a June 26, 2014 incident in which Quinones robbed and assaulted his uncle in Reading, Pennsylvania. On the same day, the trial court sentenced Quinones to eleven and one-half months to twenty-three months in prison, to be followed by three years of probation, under the supervision of the county probation office. Following his release, Quinones was required to regularly report his whereabouts to the county probation office. Following Quinones's failure to report as directed after his last reporting date of September 12, 2017, the trial court issued a bench warrant on January 26, 2018, alleging Quinones's non-compliance with probation requirements.

A *Gagnon II*[1] hearing was held on May 1, 2019.[2] During the *Gagnon II* hearing, Quinones admitted to violating his probation. N.T., 5/1/19, at 2. Thereafter, the court found that Quinones had violated the conditions of his probation, revoked his probation, and sentenced him to eleven and one-half months to twenty-three months in prison, with credit for fifty-two days of time served. *Id.* at 6-7. On May 7, 2019, Quinones filed a timely post-sentence Motion to modify his sentence, which was denied on May 8, 2019. Quinones filed his timely *pro se* Notice of Appeal, and a court-ordered Concise Statement.[3]

Quinones presents the following issue for our review:

Whether the trial court abused its discretion when it imposed a sentence of eleven and one-half (11.5) to twenty-three (23) months [in prison] for [Quinones's] first technical probation violations at his *Gagnon II* hearing[?]

Brief for Appellant at 10.

_____

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[2] The trial court indicates in its Pa.R.A.P. 1925(a) Opinion that Quinones was "apprehended" at some point between the issuance of the bench warrant and the *Gagnon II* hearing. The record does not appear to reveal the circumstances or the date on which Quinones was apprehended.

[3] On May 17, 2019, the trial court ordered Quinones to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On June 20, 2019, after Quinones failed to file his concise statement, the trial court filed a statement with this Court requesting that we dismiss the appeal. On September 6, 2019, we issued an Order remanding the matter to the trial court, in order to allow Quinones to file his concise statement, *nunc pro tunc*. On September 9, 2019, Quinones filed his counseled Concise Statement.

- 2 -

Quinones contends that the sentence imposed following the revocation of his probation was excessive because the trial court "failed to take into consideration numerous mitigating factors when fashioning [its] sentence for the probation violations." *Id.* at 19. In particular, Quinones argues that his homelessness was the reason he did not change his address with his probation officer and, prior to the violation, he had complied with all of the terms of his probation for a period of nearly two years. *Id.* He also points out that he expressed remorse for his failure to report during the *Gagnon II* hearing; the violations that resulted in his new sentence were much less severe than the original robbery conviction; and "[t]he conduct does not indicate that [Quinones] is likely to commit another crime[; i]t only indicates that he is not good at keeping appointments." *Id.* at 20.

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). First, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine

> (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Quinones filed a timely Notice of Appeal, and properly preserved the issue in a post-sentence Motion to modify his sentence on May 7, 2019. Additionally, we detect no fatal defects in Quinones's brief. Accordingly, our analysis turns to whether Quinones has raised a substantial question.

Quinones argues in his Rule 2119(f) Statement that "the sentencing court failed to consider mitigating factors and the impact of the technical violations on the community." Brief for Appellant at 15. "[A]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review." *Commonwealth v. Rhoades*, 8 A.3d 912, 918-19 (Pa. Super. 2010). An appellate court "cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012). Here, Quinones has failed to raise a substantial question in his challenge to the trial court's alleged consideration of mitigating factors in his Rule 2119(f) Statement. *See Rhoades*, 8 A.3d at 918-19.

Even if we were to determine that Quinones had raised a substantial question, we would conclude that his claim lacks merit.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record

- 4 -

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014).

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon the revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of

total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* at § 9771(c).

Additionally, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* at § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following revocation of probation, the sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Here, the record indicates that the trial court ably considered the mitigating factors that Quinones brings to our attention on appeal. At the *Gagnon II* hearing, Quinones testified to his ongoing homelessness, his regret and his acceptance of responsibility for his failure to report, as well as various personal setbacks that, he testified, made it more difficult to comply with the terms of his probation. N.T., 5/1/19, at 3-6. At the conclusion of

Quinones's testimony, the trial court stated, on the record, its reasons for imposing a sentence of total confinement:

> The troubling thing here is the initial charge[,] which brings us here[,] is a very serious one. It appears that [Quinones] had every opportunity to comply, and we wouldn't be here right now if he had done so. And, instead, he stayed away until[,] I gather[,] he was apprehended a year and a half after his last report into the office, including the contact in January 2018.

*Id.* at 6.

Our review of the record confirms that the trial court sufficiently analyzed the evidence and testimony, including any potential mitigating factors, in order to make a fully informed sentencing decision following the revocation of Quinones's probation. As a result, we discern no abuse of discretion by the trial court, and will not disrupt Quinones's sentence on appeal.

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/07/2020