J-S07009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EUGENE WILLIAM KANE, JR., | |
| Appellant | No. 1112 MDA 2015 |

Appeal from the Judgment of Sentence May 26, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):
CP-54-CR-0000260-2013
CP-54-CR-0001145-2013
CP-54-CR-0001395-2012
CP-54-CR-0001396-2012

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Eugene William Kane appeals from the judgment of sentence of thirty-three to sixty-six months imprisonment that was imposed after the trial court revoked his sentence of State Intermediate Punishment.  We affirm.

The four actions at issue on appeal involved drug offenses, including multiple counts of possession of a controlled substance with intent to deliver ("PWID"), delivery of a controlled substance, and possession of a controlled substance.  All the crimes occurred in Pottsville, Pennsylvania.  Appellant was charged at criminal action number 1396 of 2012 after he sold marijuana

---

* Former Justice specially assigned to the Superior Court.

to a confidential informant on August 12, 2012, pursuant to a controlled buy procedure. During his August 16, 2012 arrest for that drug sale, Appellant admitted that he was selling marijuana to make money and showed police marijuana that he had for sale, which resulted in the charges at criminal action number 1395 of 2012.

Criminal action number 260 of 2013 arose after Appellant sold $200 worth of marijuana to an undercover state trooper and offered to sell him a substance called "piff"[1] for $400 an ounce. Affidavit of Probable Cause at 260 of 2013, 1/7/13, at 2. The offenses charged at criminal action number 1145 of 2013 were based on the following events. Probation officers were searching a residence at 308 South Second Street, Pottsville, where Appellant lived with an unidentified person who was on probation. In Appellant's bedroom, the probation officers discovered a bag containing 12.8 grams of marijuana, a small amount of synthetic marijuana, drug-trafficking paraphernalia, a device used to consume marijuana, and $320. Pottsville police were summoned to the residence, and, after he was administered *Miranda* warnings, Appellant admitted that the items in question belonged to him and that he planned on consuming some of the marijuana and selling the remainder.

---

[1] Piff is a potent form of marijuana.

On August 16, 2013, Appellant pled guilty at all four cases in exchange for a sentence of State Intermediate Punishment. That sentence was revoked on May 26, 2015, after Appellant admitted to violating his sentence of State Intermediate Punishment and being expelled from the State Intermediate Punishment Program. The revocation court imposed a sentence of thirty-three to sixty-six months imprisonment, which was a standard range sentence that was imposed consecutively at each action number on offenses that did not merge for sentencing purposes. In this appeal, Appellant raises this averment: "Whether the sentence imposed by the court of common pleas was excessive and harsh under the circumstances of the case?" Appellant's brief at 7.

This claim relates to the discretionary aspects of the sentence imposed, which is reviewable by this Court in the revocation setting. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). As we have observed, "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Id**. at 1042 (citation omitted). Of significance herein is that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Id**. (citation omitted). **See also Commonwealth v. Rhoades**, 8 A.3d 912, 915-16 (Pa.Super. 2010) (citations omitted) ("Issues challenging the

discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."). Our review of the certified record reveals that Appellant neither filed a post-sentence motion nor objected at the revocation proceeding that the sentence was harsh and excessive. Accordingly, the present contention is waived.

Additionally, it is well established that a defendant can invoke this Court's jurisdiction so as to permit review of a discretionary-aspects averment only if the defendant raises the existence of a substantial question that his sentence is inappropriate under the Sentencing Code. **Cartrette**, **supra**; **accord Commonwealth v. Swope**, 123 A.3d 333 (Pa.Super. 2015). A "substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Swope**, **supra** at 338 (citation omitted).

Herein, the sentence was within the standard range. Appellant's complaint is premised upon the fact that the court employed a consecutive sentencing paradigm. However, "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." **Id**. at 339 (citation omitted). To the contrary, "the

imposition of consecutive rather than concurrent sentences will present a substantial question in only 'the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.'" *Id*. (partially quoting ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa.Super. 2012)).

In this case, Appellant was engaged in drug trafficking over a significant period. There were multiple charges of PWID, delivery, and possession at issue in this case. Appellant was offered the opportunity to participate in the State Intermediate Punishment Program, but was discharged following non-compliance. Given the nature of the crimes and in light of the fact that Appellant's minimum sentence is less than three years in jail, we cannot say that this sentence presents one of those extreme circumstances where a substantial question is raised. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2016

- 5 -