**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH RODGERS, | : | |
| | : | |
| Appellant | : | No. 3520 EDA 2017 |

Appeal from the Judgment of Sentence October 1, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001705-2015

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 24, 2018**

Appellant, Kenneth Rodgers, appeals from the October 1, 2015 Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his open guilty plea to Aggravated Assault, Possession of an Instrument of Crime ("PIC"), Simple Assault, and Recklessly Endangering Another Person ("REAP").[1] After careful review, we affirm.

The facts and procedural history are as follows. On January 15, 2015, following a verbal altercation, Appellant attacked the victim ("Victim"), his co-worker, at their place of employment. Video surveillance footage captured Appellant punching the Victim about the face and head, continuing to do so after the Victim had fallen to the ground. The Victim then picked himself up off the ground, whereupon Appellant returned and chased the Victim with what police later identified as a metal pipe.

_____

[1] 18 Pa.C.S. §§ 2702(a); 907; 2701; and 2705, respectively.

On January 26, 2015, the Commonwealth charged Appellant with the above crimes in connection with this incident. On July 20, 2015, Appellant entered an open guilty plea to all charges. The trial court ordered the preparation of a Pre-Sentence Investigation ("PSI") report and a mental health evaluation.

On October 1, 2015, the court sentenced Appellant to an aggregate term of 3 to 8 years' incarceration.[2] Relevant to the instant appeal, the court noted that the video surveillance footage of the incident showed Appellant striking the Victim with the metal pipe and stabbing the Victim in the right arm with a pair of scissors. The court, thus, applied the deadly weapon enhancement when sentencing Appellant.[3, 4] At the sentencing hearing, the court placed a detailed explanation of Appellant's sentence on the record. ***See*** N.T.

---

[2] The court sentenced Appellant to 3 to 8 years' incarceration for his Aggravated Assault conviction and a concurrent term of 2 ½ to 5 years for his PIC conviction. The court also sentenced Appellant to a consecutive term of 2 years' probation for his REAP conviction. Appellant's Simple Assault conviction merged for sentencing purposes.

[3] ***See*** 204 Pa.Code § 303.10(a)(2).

[4] The Sentencing Guideline standard-range sentence for an Aggravated Assault conviction with a deadly weapon enhancement is 6½- to 7 ½-years' incarceration, plus or minus 12 months. Appellant actually got a downward deviation from the sentencing guidelines.

Sentencing, 10/1/15, at 23-24.[5]  Appellant did not object at the sentencing hearing to the court's application of the deadly weapon enhancement.

Appellant did not file a timely Post-Sentence Motion pursuant to Pa.R.Crim.P. 720.  On October 27, 2017, he filed a *Nunc Pro Tunc* Post-Sentence Motion to Reconsider Imposed Sentence, in which he requested the court to "reconsider [his] sentence and impose a lesser sentence."  Motion, 10/27/17, at ¶ 2.  He asked the court to "accept his motion *nunc pro tunc* as having been filed within 10 days of [his] October 1, 2015 sentence."  ***Id.***  In the Motion, Appellant did not allege that his sentence was excessive or provide any explanation why he believed that the court should reconsider his sentence.  The court denied Appellant's Motion the next day.  Appellant did not timely file a direct appeal from his Judgment of Sentence.

Appellant sought and, on September 28, 2017, the PCRA court granted the reinstatement of his direct appeal rights *nunc pro tunc*; however, court expressly denied Appellant's request for permission to file a Post-Sentence Motion *nunc pro tunc*.[6]

---

[5] The sentencing court's stated reasons include: (1) Appellant's credible expressions of remorse; (2) Appellant's acceptance of responsibility; (3) the PSI report and mental health evaluation; (4) Appellant's family situation; (5) Appellant's propensity for violence; (6) the need to protect society; and (7) Appellant's use of deadly weapons in this incident.  N.T. Sentencing, 10/1/15, at 23-25.

[6] The PCRA court indicated that it was denying Appellant the opportunity to file a Post-Sentence Motion *nunc pro tunc* because Appellant did not demonstrate that his failure to file a timely Post-Sentence Motion prejudiced

This timely appeal followed. Appellant filed a Pa.R.A.P. 1925(b) Statement in which he challenged the discretionary aspects of his sentence, including the imposition of the deadly weapon enhancement, and the court's alleged failure to consider mitigating factors.

Appellant raises the following issues on appeal:

1. Whether the [c]ourt improperly applied the deadly weapon enhancement outside of the Guideline ranges[?]

2. Whether the [c]ourt abused its discretion with the harsh and unreasonable sentence given to [Appellant?]

Appellant's Brief at 8.

As presented, both of Appellant's issues challenge the discretionary aspects of his sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 915-16. (Pa. Super. 2010) (noting that a challenge to the deadly weapon enhancement implicates a discretionary aspect of a defendant's sentence); *see also Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (considering whether a defendants' challenge to the weight the sentencing

---

him. Order, 9/28/17, at 1 n.1, *citing Commonwealth v. Liston*, 977 A.2d 1089, 1094 n.9 (Pa. 2009) (explaining that a petitioner must successfully plead and prove in a PCRA Petition that he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel in order for a PCRA Court to reinstate his post-sentence rights *nunc pro tunc*.). In particular, the court found that Appellant "failed to offer any evidence that his sentence would have been reconsidered had his counsel filed the motion he requested in a timely manner." *Id.* It noted that it "considered the guidelines, the modified presentence report, the mental health evaluation, the video of the crime, the arguments of counsel, testimony on [Appellant's] behalf[,] and [Appellant's] allocution, prior to sentencing" and that "the basis for the sentence was thoroughly articulated." *Id.*

- 4 -

court placed on mitigating factors raised a substantial question regarding the discretionary aspects of his sentence, and concluding it did not).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015).

Here, the record is clear that Appellant did not raise this issue at sentencing or file a timely Post-Sentence Motion. Thus, Appellant has failed to preserve his objection to the court's discretionary application of the deadly weapon enhancement and his claim that the court failed to consider mitigating factors when sentencing him.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/24/18</u>