J-S48032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN BURRELL, | : | |
| | : | |
| Appellant | : | No. 736 EDA 2018 |

Appeal from the Judgment of Sentence Entered February 9, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003272-2013

BEFORE:   BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 16, 2019**

Devin Burrell (Appellant) appeals from the February 9, 2018 judgment of sentence, which the trial court imposed after revoking Appellant's probation.  We affirm.

We glean the following facts and procedural history from the record.  On April 24, 2014, Appellant pleaded guilty to one count of possession of a controlled substance with intent to deliver (PWID); driving under the influence (DUI) of a controlled substance; and DUI of a controlled substance – impaired ability.  Appellant was sentenced on November 6, 2014, to an aggregate term of 72 hours to 6 months of incarceration, with a concurrent probation term of 7 years, with immediate parole to a drug treatment program.

_____

* Retired Senior Judge assigned to the Superior Court.

The trial court revoked Appellant's probation on June 12, 2015, after he was charged with recklessly endangering the welfare of another person; endangering the welfare of a child; and public drunkenness in Montgomery County. On June 12, 2015, Appellant was resentenced to a term of five to ten years of incarceration, followed by ten years of probation, on the PWID conviction. No further penalty was imposed on the DUI convictions. On June 19, 2015, Appellant filed a motion for reconsideration, which the trial court granted. On July 1, 2015, the trial court resentenced Appellant to a term of 11½ to 23 months of incarceration, followed by 10 years of probation, and ordered him to be paroled immediately to an inpatient drug treatment program once a bed became available. Appellant did not file a notice of appeal.

Appellant was granted probation on June 17, 2016. While on probation, Appellant was shot in the leg while exiting a taxi in November 2017, and he reported to his probation officer that he was prescribed Xanax and Percocet for his injury. Thereafter, Appellant tested positive for benzodiazepines and opiates on two occasions; he eventually produced prescriptions for the drugs months later. Appellant reported to his probation officer in January 2017, that he was becoming addicted to the drugs, was enrolled in a drug treatment program, and was receiving methadone maintenance. On March 28, 2017, Appellant's probation officer received a message from an individual purporting to be from an inpatient drug treatment facility, stating that Appellant was an

inpatient there. Despite multiple attempts, Appellant's probation officer was unable to verify this information.

On May 24, 2017, an unidentified male dropped off a letter from a drug rehabilitation center, on behalf of Appellant, claiming that Appellant was evaluated for 90 days of inpatient drug treatment at the facility. After calling the facility, Appellant's probation officer determined that the letter was fraudulent and that Appellant had never been an inpatient there.

Between April 4, 2017, and May 24, 2017, Appellant failed to report for six mandatory meetings with his probation officer. On June 16, 2017, wanted cards were issued for Appellant's arrest. While absconding, Appellant was arrested on October 12, 2017, and charged with possession of a controlled substance and false identification to law enforcement.

After a probation violation hearing, the trial court again revoked Appellant's probation on February 9, 2018, and resentenced Appellant to a term of 4 to 8 years of incarceration. This timely-filed appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant claims that his sentence of 4 to 8 years of incarceration "for a technical violation of probation, the maximum possible sentence allowable, [is] manifestly excessive, unreasonable, and disproportionate to the conduct at issue." Appellant's Brief at 3. Because this issue involves a challenge to the discretionary aspects of Appellant's sentence, we bear in mind the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant timely filed a notice of appeal. However, our review of the record reveals that Appellant did not properly preserve this issue at sentencing or by filing a post-sentence motion.

Appellant acknowledges that he was required to preserve a challenge to the discretionary aspects of his sentence at the time of sentencing or in a motion to reconsider, but claims in his brief that

> defense counsel did specifically request a less than two year sentence, a request which the trial court obviously rejected, imposing a sentence of more than four times what defense counsel asked for. By rejecting defense counsel's proposed sentence, the lower court implicitly also rejected the argument that such a lower sentence was appropriate and proportional to the conduct at issue. This preserved the claim that the sentenced of four to eight years was excessive and disproportionate.

Appellant's Brief at 12 n.3, *citing* N.T., 2/9/2018, at 16. We disagree. First, our review of the notes of testimony of the February 9, 2018 hearing reveals no such request, either at the location to which Appellant cites or anywhere else in the sentencing hearing transcript. Moreover, even if Appellant's counsel had made a request for a sentence of less than two years, it would not properly preserve a challenge to the discretionary aspects of sentencing because it would have been lodged before the court imposed Appellant's sentence and would have lacked specificity. ***See Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (holding failure to raise **specific** claim regarding sentence during sentencing hearing deprived trial court of opportunity to consider claim and thus, claim was waived). Moreover,

Appellant's counsel informed Appellant of his appellate rights at the hearing, advising him as follows.

> [DEFENSE COUNSEL:] … If you wish to challenge the sentence that was imposed, you must file a motion to modify sentence within ten days of today's date. If you don't do that, you won't be able to challenge your sentence. Again, my office will continue to represent you for purposes of preparing those motions and filing your appeal. Do you understand that?
>
> [APPELLANT:] Yes.

N.T., 2/9/2018, at 32. Yet, as stated *supra*, no post-sentence motion was filed.[1]

Accordingly, Appellant has not preserved this issue for our review, and he is not entitled to relief. **See Commonwealth v. Rhoades**, 8 A.3d 912, 915 (Pa. Super. 2010) (stating that an appellant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[1] On November 6, 2018, nine months after sentencing and despite being represented by counsel, Appellant filed a *pro se* Motion to Correct Illegal Sentence, claiming his sentenced exceeded the statutory maximum. Because hybrid representation is not permitted, this motion constituted a legal nullity. **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) ("Appellant had no right to file a *pro se* motion because he was represented by counsel. This means that his *pro se* post-sentence motion was a nullity, having no legal effect.") (citations omitted). In any event, said motion was untimely filed. **See** Pa.R.Crim.P. Rule 720.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/19