J-S20010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :             PENNSYLVANIA
                                :
                 v.             :
                                :
                                :
WILLIAM M. RICHARDSON           :
                                :
           Appellant            :    No. 2822 EDA 2022

Appeal from the Judgment of Sentence Entered June 24, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006269-2019

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 4, 2023**

Appellant, William Richardson, appeals from a June 24, 2022 Judgment

of Sentence entered in the Philadelphia County Court of Common Pleas

following his conviction of Aggravated Assault, Possession of Firearm

Prohibited, and Carrying a Firearm Without a License.[1] Appellant challenges

the trial court's denial of his motion to suppress, the sufficiency and weight of

the evidence, and the length of the sentence imposed. After careful review,

we affirm.

On May 18, 2019, Delores Ward ("Victim") spent the day with her friend,

Julia Whittington, in James Watkins's apartment. Appellant, who lived next

door to Watkins, spent some time with Victim and Whittington. All three left

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702, § 6105, and § 6106, respectively.

the apartment after Appellant propositioned Whittington and she rejected his advances.

Later that day, Victim and Whittington returned to the apartment. Appellant called Whittington while standing outside the door and demanded that the women let him into the apartment, but Victim and Whittington refused. When Watkins returned home and walked through the door, Appellant walked in behind him. Appellant stepped around Watkins and punched Victim in the face. Victim jumped on Appellant, brought him to the ground, and punched Appellant. While on the ground, Appellant pulled Victim closer, took a gun from his waistband, and shot her in the stomach, causing severe injuries which resulted in, among other things, the removal of a kidney and the resection of her pancreas. Appellant fled the scene while Watkins called 911.

Police officers arrested Appellant later that night several blocks away from the apartment. He did not have a firearm on his person at the time of the arrest. The next day, police secured a warrant to search Appellant's residence and found the firearm used in the shooting. Appellant was prohibited from possessing a firearm because of prior convictions.

The Commonwealth charged Appellant with the above offenses, in addition to attempted murder and related offenses.

On October 7, 2020, Appellant entered an open guilty plea. The court ordered a pre-sentence investigation and deferred sentencing. After numerous continuances and the appointment of new counsel, Appellant filed

a motion to withdraw his guilty plea, which the court granted on June 29, 2021.

On August 6, 2021, Appellant filed a motion to suppress the evidence found during the search of his home, challenging, *inter alia*, the affidavit of probable cause supporting the search warrant as overly vague. On November 22, 2021, the court denied Appellant's Motion to Suppress the firearm located pursuant to a search of his home.

On April 11, 2022, the case proceeded to a waiver trial, where Victim, Whittington, Watkins, and Appellant testified. The trial court found Appellant guilty of the above offenses.

On June 24, 2022, the court imposed an aggregate term of of 9 to 30 years' incarceration.[2]

Appellant filed a timely post-sentence motion, which the trial court denied.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the Court erred in denying appellant's motion to suppress insofar as the factual averments in the warrant affidavit did not establish probable cause because there was no reason to believe [Appellant] went

---

[2] The aggregate sentence includes a "very mitigated" term of 4½ to 20 years' incarceration on the aggravated assault conviction, a consecutive term of 4½ to 10 years' incarceration for person not to possess firearms, and a concurrent term of 3½ to 7 years' incarceration for firearms not to be carried without a license, with credit for time served. N.T. Sentencing, 6/24/22, at 31-32.

to his home after the incident and because the affidavit failed to state with particularity what item(s) were to be seized?

2. Whether the Court abused its discretion in denying [Appellant]'s challenge to the weight of the evidence insofar as (a) the victim conceded that she was using unlawful force against [Appellant] at the time that she was shot; (b) the Commonwealth's witnesses were completely inconsistent in their testimony regarding how the incident occurred; (c) [Appellant] testified that he woke up while being attacked and that he shot to ward off the person who was attacking him?

3. Whether the evidence was insufficient insofar as the Commonwealth failed to disprove self-defense beyond a reasonable doubt?

4. Whether the Court's judgment of sentence was excessive in light of the facts and circumstances, [Appellant]'s background and characteristics, the mitigation submitted, the applicable guidelines, the fact that his criminal history was overstated and was stale, and that the court in effect ordered a life sentence?

Appellant's Br. at 9.

## I. Motion to Suppress

In his first issue, Appellant challenges the suppression court's denial of his motion to suppress the firearm obtained during the search of his home. Appellant's Br. at 13. Appellant argues that the search warrant was defective because "there was no reason for law enforcement to believe that [Appellant] re-entered his residence following the incident at issue." *Id.* We affirm the decision of the suppression court.

Our review of a challenge to the denial of a motion to suppress "is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Stem*, 96 A.3d 407, 409 (Pa. Super. 2014) (citation omitted). "[O]ur scope of review is limited to the factual findings and

legal conclusions of the suppression court." ***In re L.J.***, 79 A.3d 1073, 1080 (Pa. 2013). We defer to the suppression court, "as factfinder[,] to pass on the credibility of witnesses and the weight to be given to their testimony." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003). "[H]owever, we maintain *de novo* review over the suppression court's legal conclusions." ***Commonwealth v. Brown***, 996 A.2d 473, 476 (Pa. 2010).

In Pennsylvania, "the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures." ***Commonwealth v. Clemens***, 66 A.3d 373, 378 (Pa. Super. 2013) (internal alteration and quotation marks omitted). "Where there exists a reasonable expectation of privacy, Article I, Section 8 and the Fourth Amendment generally require police to obtain a warrant, issued by a neutral and detached magistrate and founded upon probable cause, prior to conducting a search or seizure of a person and/or a person's property, unless one of the few well delineated exceptions apply." ***Commonwealth v. Loughnane***, 173 A.3d 733, 741 (Pa. 2017).

"A search warrant is defective if the issuing authority has not been supplied with the necessary information . . . [to establish that] a fair probability exists that contraband or evidence of a crime will be found in a particular place." ***Commonwealth v. Huntington***, 924 A.2d 1252, 1255 (Pa. Super. 2007). When reviewing whether probable cause supported the issuance of the search warrant, we consider the totality of the circumstances

- 5 -

set forth in the affidavit evaluated according to a common-sense determination. **Commonwealth v. Arthur**, 62 A.3d 424, 432 (Pa. Super. 2013).

Appellant avers that "there was **nothing** law enforcement could have relied upon to form a reasonable belief that contraband or evidence of a crime would likely be found in . . . [Appellant's] residence." Appellant's Br. at 15 (emphasis in original). Appellant argues that since he fled from the area of the shooting and was subsequently arrested several blocks away, law enforcement did not have probable cause to obtain the warrant on Appellant's residence. **Id.**

The suppression court found that the affidavit established sufficient probable cause to search Appellant's residence, and the evidence was therefore legally obtained. Tr. Ct. Op., 12/12/22, at 33. In particular, the suppression court considered that the witnesses were unsure if Appellant returned to his apartment after committing the crime, that Appellant did not have a gun on him at the time of his arrest, and that Appellant lived next door to the scene of the crime. **Id.**

We conclude that the record supports the findings of the suppression court and the legal conclusion that there was sufficient probable cause to obtain a warrant on Appellant's residence. The totality of the circumstances, including that Appellant's apartment was next door to the scene of the crime and that Appellant did not have a gun on him at the time of his arrest,

establishes a fair probability that evidence of the crime would be found at his residence. Appellant's claim, thus, fails.[3]

## II.    Weight of the Evidence

In his second issue, Appellant argues that the verdict was against the weight of the evidence and the trial court abused its discretion in failing to grant a new trial. Appellant's Br. at 19. We affirm the decision of the trial court.

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Talbert**, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). The fact-finder is solely responsible for resolving contradictory testimony. **Commonwealth v. Hopkins**, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. **Talbert, supra** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. **See id.** at 545-46. "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the

---

[3] Although presented in his Statement of Questions Involved, Appellant provided no argument pertaining to his claim that "the affidavit failed to state with particularity what item(s) were to be seized[.]"  Appellant's Br. at 9. Appellant, thus, abandoned this claim.

verdict shocks the conscience of the court." ***Id.*** at 546 (citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

Appellant argues that the Commonwealth presented contradictory testimony from witnesses "who were either high or on drugs" at the time of the incident. Appellant's Br. at 20. Appellant claims that "the evidence as a whole established that [Appellant] was justified in his actions on the date in question" and that "the witnesses were all intoxicated at the time of the event and really have no memory or grasp of what actually occurred." ***Id.***

The trial court, however, concluded that there were only "minor inconsistencies" in witness testimonies "that could be attributed to the length of time between the incident and trial" and that Appellant's testimony was "wildly inconsistent" with that of other witnesses. Tr. Ct. Op. at 37.

Appellant essentially asks us to reassess the credibility of the witnesses and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience. We, thus, discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

### III. Sufficiency of the Evidence

In his third issue, Appellant argues that the Commonwealth failed to disprove self-defense beyond a reasonable doubt, and the evidence was thus insufficient to support the verdict. Appellant's Br. at 16. Appellant argues that the judgment of sentence must be vacated. *Id.* We affirm the judgment of sentence and dismiss Appellant's claim.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

When one employs deadly force, as Appellant did, the elements of a claim of self-defense are that the individual (1) reasonably believed that force was necessary to protect himself against death or serious bodily injury; (2) was free from fault in provoking the use of force against him; and (3) did not violate any duty to retreat. ***Commonwealth v. Mouzon***, 53 A.3d 738, 740 (Pa. 2012); see also 18 Pa.C.S § 505(b)(2). A defendant does not have a

burden to prove a claim of self-defense. ***Commonwealth v. Torres***, 766 A.2d 342, 345 (Pa. 2001). Once a defendant claims self-defense, the Commonwealth bears the burden of disproving it and can do so by, *inter alia*, proving that the defendant was not free from fault in provoking or continuing the altercation. ***Mouzon***, 53 A.3d at 740.

Appellant argues that he "testified repeatedly and consistently that he was attacked by the people (including the victim) while he was inside of the house" and that he only shot the victim to "ward off an unlawful assault." Appellant's Br. at 17-18. Appellant claims that this indicates that the Commonwealth has failed to disprove self-defense beyond a reasonable doubt. ***Id.*** at 18.

In its Rule 1925(a) Opinion, the trial court observed that it had found that Appellant's testimony lacked credibility and had concluded that Appellant was the aggressor in the altercation with Victim. Tr. Ct. Op. at 34, 37. The trial court also found that Appellant could not invoke self-defense because he was not free from fault in provoking the encounter, he did not reasonably believe he was in imminent danger of death or great bodily harm, and he violated his duty to retreat. ***Id.*** at 35.

The record supports the trial court's findings. Appellant asks us to usurp the fact-finder's credibility determination and credit his testimony over the Commonwealth's evidence to find that he shot the victim in self-defense. We cannot and will not do so. We discern no abuse of discretion in the trial court's conclusion that the verdict was not against the weight of the evidence.

## IV.  Sentencing

In his fourth issue, Appellant claims that the sentence imposed for his aggravated assault conviction is excessive.  Appellant's Br. at 21-22.  This argument implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider or modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.***

In the instant case, Appellant met the first three criteria. We, thus, next determine if Appellant has raised a substantial question meriting our review of his sentence.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Summers***, 245 A.3d 686, 692 (Pa. Super. 2021).  Where a sentence falls within or below the sentencing guidelines, an allegation that the sentencing court failed to consider mitigating factors does not raise a

substantial question. ***Commonwealth v. Rhoades***, 8 A.3d 912, 918-19 n.12 (Pa. Super. 2010).

Appellant claims that his sentence is excessive because he is 63 years old, "there was an element of justification to [Appellant's] conduct," and his placement in the "REVOC criminal history category was a gross overstatement of his criminal history, as argued at sentencing." Appellant's Br. at 22-23. Appellant's Br. at 22. Appellant does not provide citation to the record, does not acknowledge that his sentence fell below the standard range of the recommended guideline range, and makes no argument that the court's actions were inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process.

We conclude Appellant has failed to raise a substantial question. We, thus, affirm his judgment of sentence.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/04/2023

- 12 -