**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL HARRISON MOLL | : | |
| | : | |
| Appellant | : | No. 216 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 8, 2022
In the Court of Common Pleas of Union County
Criminal Division at CP-60-CR-0000005-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL HARRISON MOLL | : | |
| | : | |
| Appellant | : | No. 217 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 8, 2022
In the Court of Common Pleas of Union County
Criminal Division at CP-60-CR-0000006-2022

BEFORE: MURRAY, J., KING, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:        **FILED SEPTEMBER 25, 2023**

Daniel Harrison Moll (Appellant) appeals the discretionary aspects of his sentences following his *nolo contendere* pleas to strangulation and aggravated cruelty to animals.[1]  We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. §§ 2718(a)(2), 5534(a)(4).

On January 6, 2022, the Commonwealth filed two criminal informations against Appellant. At CP-60-CR-0000006-2022 (CR 6), the Commonwealth alleged that on September 12, 2021, Appellant "did place his hands around the neck of [his wife, the] victim, … and applied pressure causing the victim's difficulty breathing…." CR 6, 1/6/22, at 1. According to the information, Appellant shoved the victim's face into couch cushions, covering her nose and mouth. *Id.* Appellant next removed the victim from their residence, and drove her around in his vehicle. *Id.* During the drive, Appellant continued assaulting the victim by "slamming her head into the car window, grabbing a fist full of hair in order to control the victim and prevent her from leaving." *Id.* The information charged Appellant with two counts of strangulation, and one count each of kidnapping – inflict bodily injury/terrorize; unlawful restraint – serious bodily injury; simple assault; and summary harassment.[2] *Id.* at 1-2.

At CP-60-CR-0000005-2022 (CR 5), the information alleged that on September 13, 2021, Appellant drove with his three dogs to Commerce Park Drive, White Deer Township. Criminal Information, 3/6/22. Appellant parked and locked his vehicle, leaving the dogs inside and the windows rolled up. *Id.*

---

[2] *See* 18 Pa.C.S.A. §§ 2901(a)(3), 2902(a)(1), 2701(a)(1), 2709(a)(1).

As result, one of the dogs died.[3] *Id.* As a result, the Commonwealth filed the following three charges against Appellant:

> Count 1 was aggravated cruelty to animals – causing serious bodily injury or death, a felony of the third degree[, *see* 18 Pa.C.S.A. § 5534(a)(2)]. Count 2 was neglect of animals – sustenance/water, a misdemeanor of the third degree[, *see id.* § 5532(a)(1)]. Count 3 was cruelty to animals, a misdemeanor of the second degree[, *see id.* § 5533(a)]….

Trial Court Opinion, 2/7/23, at 1.

On April 19, 2022, Appellant entered negotiated *nolo contendere* pleas at CR 5 and CR 6. At CR 5, Appellant pled *nolo contendere* to aggravated cruelty to animals,

> with the remaining charges being dismissed, the sentence for Count 1 would be a minimum of RS to nine (9) months, and the [trial court] would determine whether the sentence was consecutive or concurrent to [the sentence at CR 6]….

Trial Court Opinion (CR 5), 2/7/23, at 1-2 (some capitalization modified). At CR 6, Appellant pled *nolo contendere* to strangulation – blocking the nose and mouth,

> with the remaining charges being dismissed, the sentence for [strangulation] would be a minimum at the bottom of the standard range (24 months), and **the [c]ourt would determine whether the sentence was consecutive or concurrent to [CR 5]**….

Trial Court Opinion (CR 6), 2/7/23, at 1 (emphasis added).

_____

[3] The information did not include additional details such as how long the dogs remained in the vehicle.

On July 8, 2022, as part of the plea agreement, the trial court sentenced Appellant at both CR 5 and CR 6.  For his conviction of aggravated cruelty to animals (CR 5), the trial court sentenced Appellant to nine months to three years in prison, with time-served credit for 296 days.  The trial court dismissed the remaining charges at CR 5 in accordance with the plea agreement.  N.T., 7/8/22, at 4.  For his conviction of strangulation – blocking the nose and mouth (CR 6), the trial court sentenced Appellant to two to five years in prison. The trial court imposed this sentence **consecutive** to Appellant's sentence at CR 5.

Appellant timely filed post-sentence motions.  On December 7, 2022, the clerk of courts issued an order denying Appellant's post-sentence motion by operation of law.  Order, 12/7/22.  Appellant timely appealed.[4]  Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following question:

> Did error occur where [Appellant] received consecutive, rather than concurrent sentences?

Appellant's Brief at 7.

Appellant challenges the discretionary aspects of his sentences.  "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." ***Commonwealth v. Grays***, 167 A.3d 793,

---

[4] Appellant filed a separate notice of appeal at each docket, consistent with our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).  This Court consolidated the appeals *sua sponte*.

815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Appellant timely filed notices of appeal, preserved his issue in post-sentence motions, and included in his brief a statement of his reasons for relied upon for allowance of appeal, in accordance with Pa.R.A.P. 2119(f). Accordingly, we assess whether Appellant presents a substantial question. *Grays*, 167 A.3d at 816.

Appellant argues that the additional nine-month minimum term resulting from the imposition of consecutive sentences, "serves no appropriate purpose." Appellant's Brief at 11. Appellant asserts, "The spontaneous testimony of an unexpected witness indicated that Appellant is already well on his way to reform." *Id.*

Appellant's claims regarding the trial court's failure to consider certain mitigating evidence and the imposition of consecutive sentences raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) ("Appellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to

consider his rehabilitative needs upon fashioning its sentence, presents a substantial question."). Accordingly, we review the merits of Appellant's sentencing issue.

Appellant argues

the trial court was able to witness an extremely rare occurrence: An incarcerated defendant, facing his own sentence, who spoke up from the audience to attest to the positive qualities and progress of [Appellant].

Appellant's Brief at 13. Appellant claims a concurrent sentence would acknowledge that Appellant's reform began before his punishment was imposed, and he "was displaying positive qualities around those who also need reform." *Id.*

We review Appellant's challenge to the discretionary aspects of his sentence mindful that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Taylor*, 277 A.3d 577, 592-93 (Pa. Super. 2022) (citation omitted). The imposition of consecutive rather than concurrent sentences is within the sound discretion of the sentencing court. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2013).

[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the

- 6 -

offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

We note that our review discloses the trial court had the benefit of a presentence investigation report. N.T. (Sentencing), 7/8/22, at 2.

Where … the sentencing court has the benefit of reviewing a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (quotation marks and citation omitted).

At the sentencing hearing, defense counsel presented mitigating evidence on Appellant's behalf. *See id.* at 2-4. After sentencing, the trial court advised Appellant, and defendants in unrelated cases, of their post-sentence rights. *Id.* at 6. **At that time**, one of the other defendants, Mr. Blair,[5] asked to speak on Appellant's behalf. *Id.* at 6, 8. Mr. Blair advised the court of Appellant's remorse and assistance since his incarceration. *Id.* at 8. According to Mr. Blair, Appellant told him the death of his dog was an accident, and that he loved his wife, the victim. *Id.* Thereafter, the trial court informed defense counsel, "I anticipate a Motion to Modify, and we will take a look at this when we have more time to look into it." *Id.* at 10.

_____

[5] Mr. Blair's first name is not in the transcript.

Appellant filed a motion to modify based on Mr. Blair's expression of support. Post-Sentence Motion, 7/18/22, at 1. Appellant claimed, "The [c]ourt can and should consider a diminishment of sentence, particularly as the plea agreement allowed for concurrent sentences." *Id.* at 2. Appellant was denied relief.

Upon review, we discern no abuse of the trial court's sentencing discretion. Appellant's plea agreement expressly permitted the imposition of consecutive sentences. The transcript of the sentencing hearing confirms the trial court considered Appellant's presentence investigation report, mitigating evidence, and Mr. Blair's comments (upon which Appellant based his post-sentence motion). Nonetheless, the trial court denied relief. The trial court observed:

> [T]he sentence imposed is within the legal limits of the law and was within the terms of the plea agreement in which Appellant agreed. Furthermore, the sentence is not unreasonable or manifestly excessive as the minimum could have been in excess of the imposed eight (8) years.

Trial Court Opinion, 2/7/23. We agree. Appellant's sentencing claim does not merit relief.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/25/2023