J-S14030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ELLIS MANUEL GARCIA :
:
Appellant : No. 1660 MDA 2023

Appeal from the Judgment of Sentence Entered October 25, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002641-2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JULY 23, 2024**

Ellis Manuel Garcia appeals from his judgment of sentence entered on October 25, 2023, in the Berks County Court of Common Pleas, for his convictions of two counts of possession with intent to deliver a controlled substance ("PWID"), and a count of firearms not to be carried without a license.[1] We affirm.

Garcia entered an open guilty plea on October 25, 2023, and the trial court sentenced him to serve an aggregate sentence of 7 to 14 years' incarceration in a state correctional institution. Specifically, the trial court sentenced Garcia to 3.5 to 7 years' incarceration on the first count of PWID, as the controlled substance was fentanyl. The standard range of the

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 6106(a)(1), respectively.

sentencing guidelines called for a sentence between 42- and 54-months' incarceration. On the second count of PWID, the controlled substance was cocaine, and the trial court sentenced Garcia to 1 to 4 years' incarceration, concurrent to the first count of PWID. The standard range of the sentencing guidelines called for a sentence between 12- and 18-months' incarceration. Finally, on the count of firearms not to be carried without a license, the trial court sentenced Garcia to a consecutive 3.5 to 7 years' incarceration. The standard range of the sentencing guidelines called for a sentence between 30- and 42-months' incarceration. As such, all of the sentences as well as the aggregate sentence fell within the standard range guidelines.

On November 2, 2023, Garcia filed a timely post-sentence motion requesting a reduction in his sentence. On November 9, 2023, the trial court denied Garcia's post-sentence motion. Garcia filed a timely, counseled notice of appeal on November 29, 2023. Garcia, through counsel, complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Garcia presents one question for our review:

Whether the sentence imposed was manifestly excessive, unreasonable, and inconsistent with the provisions of the sentencing guidelines where the sentencing court: (a) failed to take into account and place on the record all relevant and necessary factors to be considered by a sentencing court under 42 Pa.C.S.A. § 9721 and § 9725; (b) imposed confinement that was not the least restrictive sentence necessary to effectuate the aims of Pennsylvania's sentencing laws; and, (c) relied upon factors already considered and incorporated into the sentencing guideline ranges?

Appellant's Brief, at 4.

Before we address the merits of Garcia's appeal, we must first address the trial court's assertion that Garcia has waived the issue. As the trial court aptly stated:

> Garcia claims that [the trial court] abused its discretion when it sentenced him to serve 7 to 14 years in a state correctional facility. He argues that confinement was not the least restrictive sentence necessary to effectuate the aims of Pennsylvania's sentencing laws and [the trial court] relied upon factors already considered and incorporated into the sentencing guideline ranges. However, Garcia has failed to request the transcript from his sentencing hearing. Garcia's failure to request a transcript from these hearings has prohibited [the trial court] from discussing the issues raised in his concise statement. Rule 1911 of the Pennsylvania Rules of Appellate Procedure states that "[t]he *appellant shall* request any transcript required under this chapter." Pa.R.A.P. 1911(a) (emphasis added). "The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue." ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006) [(*en banc*)] (citations omitted).

> > With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a).… When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

> > Of course, if a party is indigent, and is entitled to taxpayer-provided transcripts or portions of the record, he will not be assessed costs. But, that does not absolve the appellant and his lawyer of his obligation to identify and order that which he deems necessary to prosecute his appeal. The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to

secure transcripts and other parts of the record…. Appellant cannot fault the trial court for his failures. Instead, it is only when an appellant can show that a request was made and erroneously denied, which is not the case herein, that such a claim would have merit…. And that sort of claim ripens, and should be pursued upon, the very appeal that supposedly was impeded by a missing portion of the record….

**Commonwealth v. Houck**, 102 A.3d 443, 456-457 (Pa. Super. 2014) (citations and [brackets] omitted).

Here, Garcia's claims require the transcript from his sentencing hearing. Therefore, in accordance with **Houck**, **supra**, these issues must be deemed waived for the purpose of appellate review.

Trial Court Opinion, 1/2/24, at 1-3.

We agree with the trial court. The certified record provided to this Court does not include a transcript of the sentencing proceedings. We further note that Garcia's notice of appeal does not include the required request for transcript under Pa.R.A.P. 904(c). We are unable to fully review Garcia's issue without the transcript. As such, we find Garcia has waived this claim.

Even if we did not find waiver, Garcia would not be entitled to relief. Garcia challenges the discretionary aspects of his sentence, and, as such, this is a petition for permission to appeal. **See Commonwealth v. Rhoads**, 8 A.3d 912, 916 (Pa. Super. 2010).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015) (case citation and brackets omitted).

Garcia met the first three requirements as he filed a timely post-sentence motion requesting a modification of his sentence, he filed a timely notice of appeal, and he included a Rule 2119(f) statement in his brief. *See* Pa.R.A.P. 2119(f). Therefore, we must now determine if Garcia raised a substantial question that his sentence is not appropriate under the Sentencing Code.

Garcia claims his sentence is manifestly excessive and the trial court failed to consider his addiction, attempts at treatment, and mental health conditions. *See* Appellant's Brief, at 7-8. This raises a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted).

Our standard of review is well-settled; we review a challenge to the discretionary aspects of sentencing for an abuse of discretion. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023). Further, as Garcia was sentenced within the standard guideline ranges for each offense, he must show that application of the guidelines was clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2) (providing when a sentence falls within the

guidelines, this Court may only vacate the sentence if it is clearly unreasonable). Finally, we note the long-standing proposition that "[i]t would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." **Commonwealth v. Faison**, 297 A.3d 810, 836 (Pa. Super. 2023) (citation omitted).

Garcia notes in his brief that he presented the trial court with "significant mitigation evidence." Appellant's Brief, at 11. This included Garcia's "significant addiction to controlled substances going back approximately 20 years, [] his numerous efforts to rehabilitate himself, and his mental health conditions." **Id.** Garcia details the testimony provided at sentencing and concludes the trial court must not have considered this evidence because "[t]he sentence imposed did not reflect an understanding of the personal struggle [Garcia] has been dealing with for most of his life." **Id.** at 11-13. Garcia is essentially asking us to re-weigh the evidence that the trial court already considered in its sentencing decision. **See id.** at 14 ("the [l]ower [c]ourt erred by not weighing the factors against the rehabilitative needs of [Garcia.]") We cannot do that. In **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009), we addressed a contention directly on point to this case:

> The sentencing court merely chose not to give the mitigating factors as much weight as Appellant would have liked and decided that the facts did not warrant imposition of a sentence lower than the standard range. We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.

*Id*. at 778. (citation omitted). For this reason, even if not waived, we would affirm Garcia's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/23/2024